In re Robert D. ROOK, Debtor.

Robert D. ROOK, Plaintiff,

v.

Lisbeth ROOK, Defendant.

Bankruptcy No. 89–00434–A.
Adv. No. 89–0439–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

July 25, 1989.

Richard J. Stahl, Fairfax, Va., for debtor.

Jonathon C. Thatcher, Fairfax, Va., for defendant.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr.,
Chief Judge.

The issue for determination here arises upon a complaint filed in this Court by the debtor, Robert D. Rook, for a permanent injunction staying civil contempt orders issued by the Circuit Court of Fairfax County. An emergency hearing on the debtor's application for a temporary restraining order was held June 13, 1989, at which time the entire matter was taken under advisement.

The first of two orders from which the debtor seeks relief was issued by the Honorable Thomas J. Middleton of the Circuit

Court for Fairfax County on February 25, 1983 ("1983 order"). The 1983 order was issued during divorce and property settlement litigation between the debtor, Robert D. Rook, and his former spouse, Lisbeth Rook. At issue was whether the circuit court had contemplated the inclusion of the parties' "Property Settlement Agreement" ("Agreement") in its prior decree granting the parties' divorce, and the circuit court having determined the issue in the affirmative also provided:

> that the complainant, Robert D. Rook is in contempt of this Court's decree of April 16, 1982 and is hereby sentenced to five and one-half months in the County jail, which such sentence is suspended pending his making all payments pursuant to the parties' Agreement, and it is FURTHER, ADJUDGED, ORDERED AND DECREED that Robert D. Rook shall have 60 days from the day of the hearing of November 19, 1982, to pay all sums Ordered or, said punishment shall be reviewed by this Court[.] [1]

The 1983 order further indicated that the debtor was entitled to a hearing on the issue of "whether the Property Settlement Agreement entered into between the parties [wa]s void and invalid and therefore unenforceable under Section 20–109.1 of the Code of Virginia, 1950, as amended[.]" Va.Code Ann. § 20–109.1.

The Honorable Burch Milsap, also of the Circuit Court for Fairfax County, presided over the hearing on the validity of the property settlement agreement and found that the agreement was "invalid and unenforceable as void against public policy." Lisbeth Rook appealed Judge Milsap's decision to the Virginia Supreme Court, and the contempt provision of the original order was held in abeyance. The Virginia Supreme Court ultimately reversed Judge Milsap's findings on procedural grounds on March 6, 1987, and the case was remanded to the Fairfax circuit court. *See Rook v. Rook*, 233 Va. 92, 353 S.E.2d 756 (1987).

On remand, Judge Middleton issued an order on April 27, 1989 which addressed the rights of the parties with respect to the Agreement, and the period of incarceration for civil contempt provided for by the February 25, 1983 order. In the 1989 order, Judge Middleton noted the intervening petition in bankruptcy filed by the debtor on March 9, 1989, and the application of the automatic stay. Judge Middleton submitted, however, that since the amount owed by the debtor was not paid by the date specified in the 1983 order that Robert D. Rook was in contempt of court *prior* to the filing of the bankruptcy petition. Judge Middleton further noted that Robert D. Rook continued to be in contempt and that the stay of the bankruptcy court was not applicable to the circuit court's 1983 order.

The debtor asserts that the "purpose of the contempt sanction in this instance is to 'enforce the rights of private parties,'" and, therefore, constitutes a violation of the automatic stay imposed under § 362 of the Bankruptcy Code ("the Code"). 11 U.S.C. § 362; *see* 11 U.S.C. § 101 *et seq.* The defendant, Lisbeth Rook, maintains that the orders issued by Judge Middleton are punitive in nature and as such, fall within exceptions to the automatic stay.

We note preliminarily that although this matter is before the Court upon the debtor's motion for a temporary restraining order and complaint for permanent injunction, it will not be necessary for this Court to exercise its equitable powers under 11 U.S.C. § 105 [2], in view of the fact that Judge Middleton suspended further action pending a ruling in this Court, thereby eliminating the need for the injunctive process. [3]

---

1. *Rook v. Rook*, Chancery No. 74825 (Order of February 25, 1983).

2. Section 105 of the Bankruptcy Code provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

3. Generally, federal courts are precluded by the Anti–Injunction Act from enjoining state court proceedings absent express authorization by Congress. 28 U.S.C. § 2283. Bankruptcy courts have cited various statutes as evidence of an express authorization by Congress to enjoin state court proceedings. *See e.g., In re Baptist Medical Center of N.Y.*, 80 B.R. 637, 641 (Bankr.

Under § 362 of the Bankruptcy Code, the filing of a petition for relief under section 301, 302, or 303 of the Code imposes a stay upon acts and proceedings against the debtor and the estate, to protect the relative position of creditors and shield the debtor from financial pressure during the pendency of a bankruptcy proceeding. 11 U.S.C. § 362; *In re Stringer*, 847 F.2d 549, 551 (9th Cir.1988). Section 362(a)(1) specifically provides that the automatic stay applies to:

> [ (a)(1) ] the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

■ While the Fairfax circuit court noted the applicability of the automatic stay under § 362 in its 1989 order, we clarify that the stay does not apply automatically to an act or proceeding that does *not* affect property of the debtor's estate. *Matter of Holtkamp*, 669 F.2d 505, 508 (7th Cir.1982) (where pending action is neither connected nor interferes with bankruptcy proceeding, automatic stay does not foster policy of the Code). In the realm of domestic relations litigation, matters which do not bear on a debtor's economic status, such as the dissolution of the marital relationship, are not stayed by a bankruptcy court. *In re Schock*, 37 B.R. 399, 400 (Bankr.D.N.D.1984) (determining that divorce petitions are not stayed by § 362 of the Code); *see also In re General Oil Distributors, Inc.*, 33 B.R. 717, 718 (Bankr. E.D.N.Y.1983) (reviewing legislative histo-

ry of § 362 indicating that divorce or child custody proceedings involving debtor may bear no relation to bankruptcy case). Matters which involve the distribution of marital assets are perforce subject to the automatic stay. *In re Ford*, 78 B.R. 729, 734 (Bankr.E.D.Pa.1987).

■ In the instant case, the initial proceedings were instituted to obtain clarification of the parties' property settlement agreement and financial obligations. Accordingly, the provisions of the order entered in April of 1989 which pertain to funds or property of the debtor's estate are void, *see In re Stringer*, 847 F.2d 549, 551 (9th Cir.1988) (citing *Kalb v. Feuerstein*, 308 U.S. 433, 438–39, 60 S.Ct. 343, 345–46, 84 L.Ed. 370 (1940)), regardless of the circuit court's knowledge of the debtor's filing, *see In re LaTempa*, 58 B.R. 538, 540 (Bankr.W.D.Va.1986), and the posture of the proceedings, *see* 11 U.S.C. § 362(a)(2) (prohibiting the enforcement of judgment against the debtor or estate obtained before commencement of case). Such factors affect not the applicability of the stay, but may affect whether a bankruptcy court would *lift* or *modify* the stay. *See In re McCollum*, 76 B.R. 797, 799 (Bankr.D.Or. 1987) (noting that bankruptcy court may consider *inter alia* factors such as litigation pending in another court, cost to litigants, and judicial economy when determining whether to grant relief from automatic stay).

■ The 1983 and 1989 orders, however, contained provisions which addressed both the parties' property settlement agreement *and* the contempt of a prior decree of the court by Robert D. Rook. The more difficult issue before the court is whether the automatic stay also applies to the citations for contempt.

E.D.N.Y.1987) (citing 11 U.S.C. § 105(a) and 28 U.S.C. § 959(a)). The Fourth Circuit has determined that there are four grounds upon which a bankruptcy court may enjoin suits against the debtor or his assets, and that depending upon the circumstances in each case, one or all four grounds may require consideration. *See (A.H. Robins Co., Inc., v. Piccinin*, 788 F.2d 994, 1003 (4th Cir.)) (citing 11 U.S.C. §§ 362(a)(1), (a)(3), 105, and 28 U.S.C. § 1334), *cert. denied*, 479 U.S.

876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). In the case at bar, the parties do not dispute that the proceedings in question are proceedings against the debtor and relate to a claim that arose pre-petition. We, therefore, begin our analysis with a discussion of § 362. *See In re Baptist Medical Center*, 80 B.R. at 643 (section 362(a) provides generally for stay of action against debtor, trustee, and property of estate).

Many courts which have examined the relationship between state contempt proceedings and the automatic stay, have focused their analysis upon section 362(b)(1), which excepts from the purview of the automatic stay:

(1) ... the commencement or continuation of a criminal action or proceeding against the debtor[.]

11 U.S.C. § 362(b)(1). Despite their common focus, however, not all courts are in agreement regarding the applicability of this subsection.

One line of authority has determined that in view of the language of § 362(b)(1), proceedings which are excepted from the automatic stay *must* be criminal in nature. These courts distinguish a criminal action or proceeding (brought to enforce "criminal law"), from a civil contempt order (a judicial act to enforce a judicial directive or preserve the court's dignity). *See In re Dervaes*, 81 B.R. 127, 129 (Bankr.S.D.Fla. 1987). The court in *In re Dervaes* noted that "[t]ypically, the state is not a party in a contempt proceeding. It is applicable only to specified individuals. It involves no legislative determination. It resembles a criminal action only to the extent it employs the sanction of either a fine or imprisonment. It is a civil procedure, not a criminal action or proceeding." *Id.* Accordingly, these courts conclude that civil contempt proceedings generally do not come within the purview of § 362(b)(1). *Accord In re Cherry*, 78 B.R. 65, 70 (Bankr.E.D. Pa.1987) (automatic stay applies to all civil contempt proceedings).

A second line of cases examines the circumstances surrounding the issuance of the order of contempt, to determine whether the intent of the court was to "satisfy a judgment or simply to punish." *See International Distribution Centers, Inc. v. Walsh Trucking Co., Inc.*, 62 B.R. 723, 729 (Bankr.S.D.N.Y.1986). In *In re Stewart*, the Fifth Circuit distinguished civil from criminal contempt proceedings by noting that:

[c]ivil contempt is remedial; the penalty serves to enforce compliance with a court order or to compensate an injured party.

Criminal contempt is punitive; the penalty serves to vindicate the authority of the court and does not terminate upon compliance with a court order.

571 F.2d 958, 963 (5th Cir.1978). Thus, where the contempt citation is designed to uphold an order of a court and *not* calculated to enforce a money judgment, pursue a "collection motive," or to harass a defendant, these courts have determined that enforcement of that order would *not* be in violation of the automatic stay. *International Distribution Centers*, 62 B.R. at 729–30 (emphasis supplied); *see also In re Rudaw/Empirical Software Products Ltd.*, 83 B.R. 241, 247 (Bankr.S.D.N.Y.1988) (state court pre-petition order which does not relate to the collection of pre-petition claims or property of estate may be enforced by contempt proceedings against a debtor and its officers in order to vindicate the dignity of the state court without violating the automatic stay; § 362 may not be used as a shield to sanction contumacious conduct in violation of a pre-petition order enjoining a debtor from violating party's property rights).

A third line of authority considers the issue *not* in terms of civil and criminal distinctions, but simply finds that:

[i]t is within [a] court's inherent power to take whatever steps necessary to ensure those persons within its power comply with its orders. The court cannot conceive that Congress intended to strip the court of this power, and instead permit a party to blatantly violate direct orders of the court and then seek shelter from a bankruptcy judge. If this were so, the court's orders could be rendered almost meaningless. The court must retain the ability to compel compliance with its orders; a party seeking relief from his creditors is not free to run rampant in flagrant disregard of the powers of the court. A civil contempt judgment is one effective method of coercing compliance and 'upholding the dignity of the court.'

*US Sprint Communications Co. v. Buscher*, 89 B.R. 154, 156 (D.Kan.1988); *see also Smith–St. John Mfg. Co. v. Lenard Price*, Civ. Action No. 88–2018, slip op., 1989 WL

7922 (D.Kan. January 9, 1989) (civil contempt proceedings are akin to criminal proceedings in that they seek to punish a party from certain behavior and deter others from like behavior); *In re Clowser*, 39 B.R. 883, 886 (Bankr.E.D.Va.1984) (determining that incarceration of debtor in contempt of state court was punishment to satisfy public interest by maintaining state court's integrity but that assessment of attorney's fees as a sanction inures to benefit of plaintiff and plaintiff's counsel who are creditors).

While courts have devised various theories regarding the applicability of the automatic stay to "contempt proceedings," and while counsel for each party in the instant matter sought to label the state proceedings from which the orders have emanated as "civil" or "criminal," a bankruptcy court's interpretation of a contempt order depends first upon the circumstances of the individual case. We note that although an order which issues from a civil proceeding presumably may be civil in nature, a court may determine upon closer scrutiny that the proceeding and thus the order were in fact punitive. Consequently, we adopt the analysis of the courts which examine all aspects surrounding the issuance of a contempt order, due to the fact that the application of labels alone to the proceedings in question may result in a finding that does not comport with the intent of the Code. *Cf. In re Clowser*, 39 B.R. 883, 886 (Bankr. E.D.Va.1984) ("Although section 362 is a shield to protect the debtor to provide for a 'fresh start', the automatic stay was not intended by Congress to be used as a sword.")

■ Reviewing the circumstances before this Court, we note that the unique aspect of the instant case is the request by the defendant to consider contempt provisions incorporated in two orders. While assuming without deciding the validity of the provisions in the order issued post-petition, we review each order below. The first order issued in 1983 found Robert D. Rook to be in contempt of a prior decree of the circuit court, prescribed the applicable term in the County jail, expressly provided that

such sentence was *suspended* pending the payment of all sums due, and that the debtor had 60 days to comply with the order or the punishment would be reviewed by the circuit court. It is clear from the order first that the defendant was found to be in contempt but that the debtor had the opportunity to purge himself of the contempt citation. As such, the contempt provision of the 1983 order must be construed as an attempt to exact certain behavior from the debtor, specifically the payment of sums due his former spouse, to which the stay would have applied to prevent the coerced dilution of the estate. *See Holtkamp*, 669 F.2d at 508 (purpose of section 362 is to preserve what remains of debtor's insolvent estate and provide a systematic and equitable liquidation procedure).

■ In the April 1989 order, however, Judge Middleton found Robert D. Rook to *have been* in contempt of court from November 19, 1983, the date until which the debtor had the opportunity to purge himself, until the present time:

AND IT APPEARING to the Court that an order dated February 25, 1983 wherein this Court decreed that Robert D. Rook was in contempt of this Court and in that order this Court ordered that he be incarcerated in the County jail for a period of 5½ months unless all sums due were paid in full by November 19, 1983, that such sums were not paid by Robert D. Rook by November 19, 1983, that the appeal to the Supreme Court of Virginia stayed all proceedings in this cause; that the February 25, 1983 order has been in abeyance since the appeal, that this Court previously ordered Robert D. Rook to be incarcerated on February 25, 1983 when this Court held him in contempt, that Robert D. Rook was in contempt of this Court prior to the filing of his Bankruptcy petition, that he continues to be in contempt of this Court, that Robert D. Rook had the power to comply with this Court's order of February 25, 1983 and the Property Settlement Agreement, and that he failed to do so and should be punished accordingly.

*Rook v. Rook,* Chancery No. 74825 (Order of April 27, 1989). In so holding, we find that Judge Middleton's affirmance of the original contempt citation was issued solely to uphold the dignity of the prior circuit court orders. We further note that the 1989 order reflects the principle upon which conditional judgments of contempt are based:

As the object of punishment in contempt cases is to compel obedience to the violated order, and to vindicate the dignity of the court, the court may forego the latter and use its power to effectuate the former. A conditional judgment is very well calculated to produce such a result. *If the condition is not performed, the judgment necessarily becomes absolute.*

4A *Michies's Jurisprudence of Virginia and West Virginia,* Contempt § 30 at 580 (1983) (emphasis supplied).

Based upon the foregoing, we conclude that the automatic stay does not apply to the contempt provisions of the 1989 order. *Smith–St. John Mfg. Co. v. Lenard Price,* Civ. Action No. 88–2018, slip op. (D.Kan. January 9, 1989) (determining "section 362(a)(1) does not apply to contempt proceedings aimed at punishing a bankrupt for flouting court orders"); *see Guariglia v. Community Nat'l Bank & Trust Co.,* 382 F.Supp. 758, 761 (E.D.N.Y.1974), *aff'd,* 516 F.2d 896 (2d Cir.1975) (if contempt proceeding in reality is one to punish debtor for contumacious conduct against dignity of either state or federal court, bankruptcy court should not raise its hand to stay proceeding); *see In re Clowser,* 39 B.R. at 886 (incarceration of debtor was punishment to satisfy public interest by maintaining court's integrity).

Even if we were to determine that the automatic stay applied, we would find that the contempt provisions of the 1989 order were exempt from the application of the automatic stay under § 362(b)(1). It is clear from the terms of the 1989 order that the provision whereby the debtor could purge himself had long since ended and that the debtor no longer had the opportunity to do so, thus converting a contempt citation, civil and remedial in nature, into a citation criminal and punitive in nature. *See Local 333B, United Marine Div. of Int'l Longshoremen's Ass'n v. Commonwealth ex rel. Virginia Ferry Corp.,* 193 Va. 773, 779, 71 S.E.2d 159, 163 (1952) (proceedings which preserve the power and vindicate the dignity of the court are criminal and punitive in nature), *cert. denied,* 344 U.S. 893, 73 S.Ct. 212, 97 L.Ed. 690 (1952); *see generally* § 18.2–456 Va.Code Ann. (1975) (cases in which courts and judges may punish summarily for contempt).

While mindful of the sensitive posture of a contempt order upon the contemnor's filing of a petition in bankruptcy, and hesitant to restrict the applicability of the automatic stay unnecessarily, we note that the importance which attaches under circumstances wherein a court of competent jurisdiction seeks to enforce an order of that court must be carefully considered. *See In re Thayer,* 24 B.R. 491, 493 (Bankr.W.D. Wis.1982) (court must protect integrity of its order on its own motion or on motion of party without collection motive). Any challenge to the validity of the contempt orders must be resolved by the debtor in circuit court.

An appropriate order will enter.