929 F.2d 694
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Robert D. ROOK, Debtor.
Robert D. ROOK, Plaintiff-Appellant,
v.
Lisbeth ROOK, Defendant-Appellee.
 No. 90-2167.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1991.
Decided April 1, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-90-193-A)
 Richard Julian Stahl, Dixon & Smith, Fairfax, Va., for appellant.
 E.D.Va., 102 B.R. 490.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Rook appeals the decision of the district court affirming the bankruptcy court's denial of injunctive relief under the automatic stay provision of 11 U.S.C. Sec. 362. At issue is whether the enforcement of a civil contempt order sentencing Rook to five and one-half months in Fairfax County jail violates the automatic stay provision of section 362.[1] Both the bankruptcy court and the district court analyzed the criminal/civil distinction in depth and found that the contempt order in this instance was criminal in nature and, therefore, excepted from the automatic stay under section 362(b)(1). Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court. Rook v. Rook, CA-90-193-A (E.D.Va. July 17, 1990). We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 2
 AFFIRMED.
 
 
 
 [1]
 Robert Rook was found in contempt by the Fairfax County Circuit Court for failure to comply with a property settlement agreement entered into with his former wife. Both parties agree that the debt has been discharged in bankruptcy. Therefore, only that portion of the order sentencing him to jail is at issue