**In re William Howard DUNHAM, Debtor.**

**Bankruptcy No. 94–33553–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Nov. 18, 1994.

**616**

Frank A. Porter, Chesterfield, VA, for debtor.

William Grogan, Richmond, VA, for Curtis Black.

---

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Final hearing was held on November 14, 1994, on Debtor William. Howard Dunham's motion to Show Cause Against Curtis Black for an alleged violation of the automatic stay. Because the contempt judgment, entered to uphold the dignity of the state court, did not violate the automatic stay, the court denied the motion. This memorandum opinion supplements the court's bench ruling.

*Findings of Fact*

On November 30, 1993, in the General District Court of Chesterfield County, Virginia, a monetary judgment was entered against William Howard Dunham in favor of Curtis Black. After several unsuccessful attempts to collect the judgment, Black sought the assistance of the state court by requiring Dunham to appear before a commissioner in chancery of the court for the purpose of giving testimony concerning his assets.

On several occasions between November 30, 1993, and September 30, 1994, Dunham appeared before a commissioner and gave testimony. The commissioner ultimately found that Dunham had perjured himself, held Dunham in contempt, and ordered that he be committed to the county jail.

Dunham exercised his right and appealed the contempt holding to the circuit court. After a hearing on September 30, 1994, Circuit Court Judge Timothy J. Hauler signed an order on October 5, 1994, finding Dunham in contempt of court for: (1) failing to answer questions propounded to him in interrogatories on March 24, 1994, April 28, 1994, June 2, 1994, July 7, 1994, and August 30, 1994; (2) making evasive answers to questions propounded to him during interrogatories; (3) refusing to produce books and records pursuant to court order dated July 7, 1994; (4) testifying falsely under oath; and (5) refusing to deliver property as ordered. Judge Hauler ordered that Dunham be incarcerated at the Chesterfield County Jail, for a term not exceeding twelve months, until he turned over the documents and testified truthfully. The order was entered on October 6, 1994.

On October 5, 1994, Dunham filed a Chapter 7 bankruptcy petition in this court.

On November 4, 1994, debtor's counsel moved Judge Hauler for debtor's release, alleging that debtor was being incarcerated in violation of the automatic stay of 11 U.S.C. § 362(a). In support of his position, debtor's counsel tendered to the court two bankruptcy cases, one of which was *Rook v. Rook (In re Rook)*, 102 B.R. 490 (Bankr.E.D.Va.1989), *aff'd*, 929 F.2d 694 (4th Cir.1991). After reading the cases, Judge Hauler found that Dunham's incarceration was not in violation

of the stay. Furthermore, Judge Hauler invited debtor's counsel to obtain an order from this court holding otherwise.

*Conclusions of Law*

Debtor has moved this court for show cause against Curtis Black for allegedly violating the automatic stay by initiating the proceedings which led to debtor's incarceration. Furthermore, debtor argues that the court order incarcerating him is in violation of the automatic stay.[1]

■ A contempt judgment entered to uphold the dignity of the court does not violate the automatic stay. *See Stovall v. Stovall*, 126 B.R. 814, 815 (N.D.Ga.1990); *US Sprint Communications Co. v. Buscher*, 89 B.R. 154, 156 (D.Kan.1988); *Foerst v. Clowser (In re Clowser)*, 39 B.R. 883, 886 (Bankr. E.D.Va.1984).

Debtor argues that the contempt judgment signed by Judge Hauler is a per se violation of the automatic stay because it allows debtor to purge himself. In support of his position, debtor cites Chief Judge Bostetter's ruling in *Rook v. Rook (In re Rook)*, 102 B.R. 490 (Bankr.E.D.Va.1989), *aff'd*, 929 F.2d 694 (4th Cir.1991).

In *Rook*, two state court contempt orders were before the court. Both contempt orders were based on debtor's failure to pay certain sums to his former wife. The first order incarcerated debtor but allowed him to purge himself of contempt by payment of the sums. The second order did not allow debtor to purge himself of contempt and required confinement for a set term. After considering all the surrounding circumstances, Judge Bostetter held that the first order violated the automatic stay and that the second order did not violate the stay. The court refused to use a bright-line test and, instead, considered all the circumstances. One factor contributing to the court's conclusion that the

first order violated the stay was that the order allowed debtor to purge his conduct by payment of a debt. *In re Rook*, 102 B.R. 490, 493–94.

· ■ Based on the court's conclusion in *Rook*, debtor argues that Judge Hauler's order is a per se violation of the automatic stay. However, such a holding would be in direct conflict with the spirit of the *Rook* decision. Accordingly, this court refuses to adopt a per se rule as suggested by debtor. The court "examine[s] all aspects surrounding the issuance of a contempt order, due to the fact that the application of labels alone to the proceedings in question may result in a finding that does not comport with the intent of the Code." *In re Rook*, 102 B.R. 490, 494.

Judge Hauler's order does not specifically state whether he intended to uphold the dignity of the court or whether he intended to enforce private contract rights. However, the circumstances surrounding the issuance of Dunham's contempt order demonstrate that the judgment was entered to uphold the dignity of the state court by punishing debtor for perjuring himself before the court. Both the commissioner in chancery, who is a judicial officer of Chesterfield Circuit Court, and a judge of that court found that debtor perjured himself before them.

Thus, the situation here is not comparable to that in *Rook* where the debtor could terminate the incarceration by payment. Here, the circuit court ordered debtor incarcerated until he produced documents and testified truthfully. Since the order was based upon the circuit court's finding of perjury, this court concludes that the contempt holding and incarceration were to uphold the dignity of the state court.[2]

Accordingly, Dunham's filing a bankruptcy petition did not stay the state court order,

---

1. Based upon the court's ruling herein, I find it unnecessary to consider whether, under the debtor's motion, this court could issue any order directed to Chesterfield Circuit Court.

· 2. In addition, the court notes other circumstances that support the court's conclusion. Black's counsel represented to this court, and debtor's counsel did not refute, that Judge Haul-

er stated he entered the contempt order to uphold the dignity of his court. Apparently, a transcript of this proceeding is not available. In addition, after reviewing the *Rook* decision, Judge Hauler insisted that his conduct was not in violation of the stay. Obviously, Judge Hauler intended to uphold the dignity of the court, and his view is entitled to deference.

**618**

and there is no basis for this court to order debtor released or for any other relief.

However, it appears that the documents sought in the circuit court's order may be assets of the debtor's bankruptcy estate which should now be turned over to the trustee in bankruptcy. Once debtor has testified truthfully and produced the documents in question to his bankruptcy trustee, it would seem that further incarceration may be in violation of the automatic stay. In that event, this court might entertain a subsequent motion by debtor, if necessary.

A separate order will be entered.