[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has filed a motion to stay the subject dissolution action pending outcome of the defendant's bankruptcy proceeding. The plaintiff has filed an objection to the defendant's motion for a stay and a motion to exempt the defendant's assets from the bankruptcy proceeding.
Subsequent to the filing by the plaintiff of this dissolution action, the defendant filed a petition with the bankruptcy court seeking bankruptcy relief. The filing of bankruptcy petition by the defendant automatically causes a stay of a wide variety collection and enforcement actions involving the assets of the petitioner-debtor. See U.S.C. § 362(a). The bankruptcy code specifically states that any act to obtain possession of or to exercise control over property of the estate, enforcement of a judgment against property of the estate, and any act to create, perfect, or enforce any lien against proper of the debtor are CT Page 103-H stayed. Id. The bankruptcy code does provide that the filing bankruptcy petition does not stay the commencement or continuation of an action for establishment or modification of an order for alimony, maintenance or support." U.S.C. § 362 (b)(2)(B).
In light of the above, notwithstanding the defendant's pending bankruptcy petition the dissolution action involving the parties could proceed to dissolve the marriage resolve issues of alimony and child support. See Rook v. Rook (In re Rook),102 B.R. 490, 492 (Bankr. E.D.Va. 1989), affirmed, 929 F.2d 694 (4th Cir. 1991). However, both the plaintiff and defendant admitted at oral argument before the court that significant issue in the dissolution action is the division of property, specifically the marital home. Since actions involving the defendant's property are stayed by the defendant's bankruptcy petition, it makes little sense to proceed at this time on the remaining issues when an essential aspect of the dissolution action cannot be addressed.
The plaintiff is not without a potential remedy for his concern with the delay resulting from the automatic stay. Under the bankruptcy code, he may ask the bankruptcy court to grant him relief from the stay "for cause". 11 U.S.C. § 362(d)(1).
The defendant's motion for a stay of the dissolution action is granted and the dissolution action is stayed until the earlier of any of the following: the marital home is no longer deemed property of the estate by the bankruptcy court, the defendant bankruptcy case is closed or dismissed, the defendant receives a discharge, the bankruptcy court lifts the automatic stay, or further order of this court.
The plaintiff's motion to exempt the defendant's assets from the bankruptcy proceeding is denied. This court is not aware of any authority that empowers it to take such action.
Jon M. Alander, Judge