In re Adrian E. LORI, Debtor.

Linda Lori, Movant,

v.

Adrian E. Lori, Respondent.

Bankruptcy No. 5–97–00255.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes-Barre Division.

Oct. 5, 1999.

Al Flora, Jr., Wilkes–Barre, PA, Kevin M. Walsh, Kingston, PA, for Linda Lori.

William J. Rinaldi, Scranton, PA, for Adrian Lori.

Lisa M. Doran, Doran & Nowalis, Wilkes–Barre, PA, for trustee.

John J. Martin, Honesdale, PA, trustee.

## OPINION

JOHN J. THOMAS, Bankruptcy Judge.

Linda Lori and Adrian Lori are parties to a divorce action filed to Luzerne County Civil Action No. 1449–C of 1996. On January 21, 1997, Linda and Adrian Lori entered into an agreement memorialized by a stipulated Order of the Luzerne County Court. Among other things, the Order appoints a receiver for Mr. Lori's busi- nesses and provides that Mr. Lori was to pay certain expenses.

On January 31, 1997, Adrian Lori filed for relief under Chapter 13 of the Bankruptcy Code, thus invoking the automatic stay as set forth in 11 U.S.C. § 362. Subsequently, on December 17, 1997, the case was converted to Chapter 7.

On February 12, 1998, the parties convened in bankruptcy court on the Motion of Summit Bank for Relief from the Automatic Stay. Attorney Rinaldi, on behalf of Mr. Lori, asked the Court, "... so that this can proceed in State Court for collection of post-petition support, do you need either party to come back in and ask that the stay be lifted or can they just automatically proceed to State Court?" (Transcript of 2/12/98 at 10–11.) After some dialogue among those at the hearing, the Court quoted from 11 U.S.C. § 362(b)(2) as to the limits of the automatic stay. Almost immediately thereafter, on February 17, 1998, Linda Lori filed a Petition for Civil Contempt in State Court against Adrian Lori by reason of Mr. Lori's alleged failure to comply with certain aspects of the January 21, 1997 court Order. The Petition for Contempt went forward in State Court eventually resulting in Mr. Lori's incarceration and a new wave of bankruptcy motions.

On June 26, 1998, Adrian Lori filed a Motion for Contempt against Linda Lori for violating the automatic stay. On August 5, 1998, the Court agreed with the Debtor and found that Linda Lori's efforts to enforce the Order of January 21, 1997 did violate the automatic stay, since *enforcement* of a support order is not excepted from the provisions of the automatic stay. Exceptions to the automatic stay are generally construed narrowly [1]. *Hillis Motors, Inc. v. Hawaii Automobile Dealers' Assoc.*, 997 F.2d 581, 590 (9th Cir. 1993). In concluding that § 362(b) did not

---

**1.** The exercise of governmental powers to protect the health, safety and welfare of the public may enjoy a broader interpretation.

*Penn Terra Ltd. v. Dep't of Envtl. Resources*, 733 F.2d 267, 278 (3rd Cir.1984).

protect Linda Lori, I relied on the following language of the statute, which states,

b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—

(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;

(2) under subsection (a) of this section—

(A) of the commencement or continuation of an action or proceeding for—

(i) the establishment of paternity; or

(ii) the establishment or modification of an order for alimony, maintenance, or support; or

(B) of the collection of alimony, maintenance, or support from property that is not property of the estate;

11 U.S.C.A. § 362

I cited the following provision from Collier's as supporting such a decision.

[I]t is important to note that, unlike some of the other exceptions to the stay listed in section 362(b), this exception does not extend to the "commencement or continuation of an action or proceeding" to enforce an obligation. Thus, section 362(b)(2)(B) protects an obligee who receives property on a prepetition obligation, for example, through a prior wage attachment, from claims that such receipt is improper, but does not authorized enforcement litigation against the debtor without relief from the automatic stay. A separate provision, section 362(b)(2)(A), grants an exception for the commencement or continuation of an action or proceeding, but only for the establishment or modification of an order for alimony, maintenance or support. Proceedings to enforce such orders are conspicuously omitted from that exception and continue to be stayed, except in cases in which they are criminal in nature and permitted by section 362(b)(1).

3 Lawrence P. King, Collier on Bankruptcy ¶ 362.05[2] at 362–51 (15th ed. rev.1999).

I also refer the parties to the provisions of § 362(a)(2) which clearly stays "the *enforcement*, against the debtor ... of a judgment obtained before the commencement of the case under this title." (Emphasis added.)

 Linda Lori further argues that the Petition for Contempt is excluded from the automatic stay. Such a conclusion is dependent on the underlying purpose of the contempt proceeding. *Rook v. Rook*, 102 B.R. 490, 494 (Bankr.E.D.Va.1989), *aff'd*, 929 F.2d 694 (4th Cir.1991). Certain contempt proceedings unquestionably are stayed by § 362(b). *Carver v. Carver*, 954 F.2d 1573, 1577 (11th Cir.), *cert. denied*, 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992). In the final analysis, an examination of the totality of the circumstances provides the best vehicle in determining whether a specific contempt proceeding is subject to the stay. The inquiry should be directed to the query whether the contempt proceeding is designed to extract the payment of some financial obligation. *See Rook v. Rook*, 102 B.R. at 494.

 While § 362(b)(2)(B) would permit collection efforts against property not of the estate, such as wage attachment under 42 Pa.C.S.A. § 8127(a)(2), the Petition to hold Adrian Lori in contempt for violating the January 21, 1997 Order was not so limited. The Petition alleged that Adrian Lori failed to pay property taxes, insurance and mortgage payments on the Bucks County property as well as payments on a car loan in violation of the January 21, 1997 State Court Order. (Exhibit C–13.) Both the car and the real estate were being used by Linda Lori and the couple's minor children at the time. See State Court Transcript of February 25, 1998. (Exhibit D–3). The fact that these funds were to be used to shelter Linda Lori and her children and to preserve their sole means of transportation is a strong indication that this aspect of the Order of Janu-

ary 21, 1997, was in the nature of support. *In re Gianakas,* 917 F.2d 759, 762 (3rd Cir.1990) ("An obligation that serves to maintain daily necessities such as food, housing and transportation is indicative of a debt intended to be in the nature of support"). That conclusion is not dispositive in determining whether Linda Lori violated the automatic stay. As a review of the State Court proceeding of February 25, 1998 would demonstrate, Linda Lori made no effort to limit her collection efforts to post-petition income of the Debtor, Adrian Lori. Ms. Lori and her counsel stood mute while the State Court Judge found Mr. Lori in contempt of the Order of January 21, 1997 and gave him 30 days to cure or purge the contempt or otherwise be incarcerated for six months[2]. State Court Transcript of February 25, 1998 at 15 (Exhibit D–3). On March 30, 1998, the State Court reconvened and, finding noncompliance with the Order of February 25, 1998, lodged Adrian Lori for a period of six months. State Court Transcript of March 30, 1998 (Exhibit D–5). Neither during the February 25th nor the March 30, 1998 hearings did Ms. Lori or her counsel make any attempt to limit their efforts to collect these obligations to Adrian Lori's post-petition income.

This discussion enables me to address the three issues framed by the parties at the bankruptcy hearing of October 8, 1998 scheduled in regard to Linda Lori's Motion for Relief to Enforce an Order of support of October 15, 1996 as well as portions of the Order of January 21, 1997. Those issues were, as follows:

(1) Is a petition for contempt with regard to an existing order of support excluded from the provisions of the automatic stay?

(2) If it is excluded, can the state court incarcerate the debtor without violating the automatic stay?

(3) Is the State Court Order of January 21, 1997, an order of support?

Based on my earlier discussion, I conclude that the Petition for Contempt filed in State Court on February 17, 1998, being an attempt to enforce collection, was not excluded from the provisions of 11 U.S.C. § 362. This conclusion renders issue (2) moot. As earlier indicated, I hold that the State Court Order of January 21, 1997 is, at least in part, an order of support.

■ Addressing Linda Lori's Motion for Relief to Enforce the Orders of October 15, 1996 and January 21, 1997, I note that such relief should be liberally granted in cases involving alimony, maintenance, or support. *Carver v. Carver,* 954 F.2d 1573, 1577 (11th Cir.), *cert. denied,* 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992); *In re MacDonald,* 755 F.2d 715 (9th Cir. 1985). The very pendency of the state court domestic litigation has been said to be sufficient "cause" under 11 U.S.C. § 362(d) to lift the stay. *In re White,* 851 F.2d 170, 173 (6th Cir.1988). While I hesitate to fully embrace that position, I agree that a proceeding to enforce support from property not of the estate raises sufficient cause to grant relief. In the Motion before me, Linda Lori tailored her request to proceed by limiting it to the October 15, 1996 support Order and only those aspects of the January 21, 1997 Order that could be categorized as support obligations. Adrian Lori has presented no adequate defense to that Motion and, therefore, it is granted.

■ Linda Lori's Motion for Reconsideration of my August 5, 1998 Order concluding that the automatic stay was violated raises no grounds that would support the Motion under Federal Rule of Bankruptcy Procedure 9023.[3] While the

**2.** The State Court actually ordered compliance with all aspects of the January 21, 1997 Order, which included provisions requiring Mr. Lori to cure mortgage defaults regarding property that neither Linda Lori nor the cou-

ple's children utilized. See Exhibit Nos. D–3 and D–7.

**3.** A motion to reconsider is appropriate when the court has obviously misapprehended a

 

result may be harsh, I am satisfied that it was correct. That holding now requires that I consider damages under 11 U.S.C. § 362(h). As best as I can determine from a review of the transcript, Linda Lori made no effort to alert the State Trial Court that relief was limited to post-petition earnings, but neither did the Debtor's counsel. Not until June 26, 1998, almost three months after the Debtor was lodged in jail, was a Motion for § 362(h) relief filed by Adrian Lori. The Debtor has a duty to mitigate damages. *In re Esposito,* 154 B.R. 1011, 1015 (Bankr.N.D.Ga.1993). The Court opines that the Debtor and his counsel, by not sooner seeking redress in the Bankruptcy Court during the litigation in State Court and the subsequent incarceration, have failed to mitigate damages and, therefore, my award for Linda Lori's violation shall consist of $7.00 per diem for Adrian Lori's expense in being housed at the Luzerne County prison facility from March 30, 1998 until the date of his release, 102 days later, or $714.00, and $5,376.00 for Attorney Rinaldi's services in filing the § 362(h) Motion. Exhibits D-2 and D-3.

■ Following my Order of August 5, 1998 finding a violation of the automatic stay, Linda Lori immediately filed a request to annul the automatic stay so as to validate the actions of the State Court Judge at the February, 1998 hearings. Finding that Debtor aggravated his own circumstances by not raising the stay issues in a timely fashion in State Court, I annulled the automatic stay. This had the effect of validating the Court actions under the authority of *In re Siciliano,* 13 F.3d 748, 750 (3rd Cir.1994). The Debtor has

asked that I reconsider that ruling. Again, I see no reason to reconsider my earlier ruling, therefore, Debtor's Motion is denied.

---

party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan. 1990); *Taliaferro v. City of Kansas City,* 128 F.R.D. 675, 677 (D.Kan.1989). An improper use of the motion to reconsider "can waste judicial resources and obstruct the efficient administration of justice." *United States ex rel. Houck v. Folding Carton Administration*

*Committee,* 121 F.R.D. 69, 71 (N.D.Ill.1988). Thus, a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider. *Renfro v. City of Emporia,* 732 F.Supp. 1116, 1117 (D.Kan.1990); *Butler v. Sentry Insurance,* 640 F.Supp. 806, 812 (N.D.Ill.1986). *Fidelity State Bank, Garden City, Kansas v. Oles,* 130 B.R. 578, 581 (D.Kan.1991).