# IN THE COURT OF APPEALS OF IOWA

No. 14-0449
Filed December 10, 2014

**KENNY ALLEN CATHERS,**
        Plaintiff,

**vs.**

**IOWA DISTRICT COURT FOR GREENE COUNTY,**
        Defendant.
_____

Certiorari to the Iowa District Court for Greene County, Kurt J. Stoebe, Judge.

Kenny Cathers challenges the district court's order finding him in contempt of a dissolution decree, contending his bankruptcy filing stayed proceedings. **WRIT SUSTAINED IN PART.**

Joel Baxter of Wild, Baxter & Sand, P.C., Guthrie Center, for plaintiff.

Gina C. Badding of Neu, Minnich, Comito & Neu, P.C., Carroll, for Tina Cathers.

Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**POTTERFIELD, P.J.**

Kenny Cathers challenges the district court's order finding him in contempt of a dissolution decree, contending his bankruptcy filing stayed proceedings.

**I. Background Facts and Proceedings.**

Kenny and Tina Cathers's marriage was dissolved by decree filed on April 2, 2012. The decree divided the marital property, allocated their debts, and required Kenny to pay child support.

On January 14, 2014, Tina filed an application to show cause, asserting Kenny was in willful violation of the decree in three respects: (1) Kenny was awarded the marital home and was ordered to be responsible for the outstanding mortgage on the property and to hold Tina harmless, but he had failed to make mortgage payments and the lender was seeking payment from Tina; (2) he was ordered to be responsible for all the parties' debts, including a debt owed to Rediker Furniture, but he had not paid that debt, and a judgment had been entered against Tina for that debt; and (3) the parties were to file a joint tax return for 2011 and Kenny was to pay any tax due, but Kenny failed to sign or file the amended tax return submitted to him by Tina.

On February 5, 2014, Kenny filed a pro se motion to continue the matter to retain an attorney and obtain bank statements. Tina resisted the motion to continue, but the court granted the motion and scheduled a hearing for March 10. On February 28, the court appointed an attorney to represent Kenny. On March 3, Kenny filed a pro se motion requesting a different attorney because "I fil[]ed bankrup[tcy] on [the appointed attorney] pertaining to my divorce, amount owed

over $800.00. . . . Bankrup[tcy] not finalized yet." A different attorney was appointed to represent Kenny.

On March 8, Kenny filed a motion to dismiss for lack of jurisdiction or request for stay of proceedings, asserting he had filed for bankruptcy in 2013 and this matter was subject to the automatic stay guaranteed by 11 U.S.C. § 362. Tina resisted, arguing the contempt application was exempt from the automatic stay under 11 U.S.C. § 362(b) because it was a criminal action. She also asserted she was

> not seeking to recover, collect, assess, or enforce Kenny's responsibility to pay these debts at this time. She is instead seeking an order that will "vindicate the authority of the court" that Kenny has violated under Iowa Code section 598.23(1), which provides as follows:
>> If a person against whom a temporary order or final decree has been entered willfully disobeys the order or decree, the person may be cited and punished by the court for contempt and be committed to the county jail for a period of time not to exceed thirty days for each offense.
>
> In *Scully v. Iowa Dist. Ct.*, 489 N.W.2d 389, (Iowa 1992), the Iowa Supreme Court held that in "the realm of contempt proceedings arising from a debtor's failure to comply with a prepetition order requiring discharge of a debt, it can generally be said that criminal contempt proceedings are usually exempt from the automatic stay, whereas civil proceedings are not." This is because civil contempts are remedial, while criminal contempts are punitive. *Id.* As a result, "criminal contempt sanctions do not frustrate the policy underlying the automatic stay, which is 'to protect the relative position of creditors and shield the debtor from *financial pressure* during the pendency of a bankruptcy proceeding.'" *Id.* (citation omitted).
> . . . .
> Kenny seems to argue the decision in *In re Ballstaedt* has somehow overruled or abrogated the court's decision in *Scully*. To the contrary, the court in *Ballstaedt* recognized the "'automatic stay protection does not apply in all cases; there are statutory exemptions in 11 U.S.C. § 362(b), and there are non-statutory exceptions.'" 500 B.R. 586, 592 (N.D. Iowa 2013). It then held a

quasi-criminal injunction prohibiting contact between divorced parties did not violate the automatic stay.

She requested that Kenny be sentenced to thirty days in jail for each violation of the divorce decree.

At the hearing, Kenny responded to Tina's argument, contending the proceeding was an attempt to collect a pre-bankruptcy-petition debt and therefore stayed.

The district court found the dissolution decree was entered "well in advance of" the bankruptcy petition and stated, "*Scully* interpreted a contempt order arising in a dissolution proceeding as exempt from the bankruptcy stay." With respect to the defaulted mortgage payments, the court found Kenny's "earnings were involuntarily and significantly reduced," impliedly finding the default was not willful. However, with respect to the failure to pay the furniture debt ($25 per month, as renegotiated by Tina), the court found "Kenny had the ability to make such a payment, but did nothing"; thus, Tina had proved Kenny was in contempt. As for the failure to sign the joint tax return, the court found Kenny in contempt, writing:

> Kenny's failure to file a joint tax return for 2011 involved an act, rather than the payment of a debt. If the basis of Tina's contempt was Kenny's failure to pay a tax obligation, it would be stayed. However, her action is based on Kenny's failure to simply sign the amended joint tax return which Tina provided to him nearly a year ago. The court is aware that this may generate tax liability for Kenny, but the tax liability need not be satisfied at the time the tax returns are filed.

The court then ordered:

> The Court sentences [Kenny] to seven days in the Greene County Jail for his failure to sign the 2011 state and federal tax returns. [Kenny] may purge this contempt by signing the amended

state and federal 2011 tax return within ten (10) days of this order. If [Kenny] has complied, he shall notify the Court and a mittimus shall not issue. Otherwise, the Clerk of Court shall issue the mittimus within 10 (ten) days without further hearing.

The Court sentences [Kenny] to seven days in the Greene County Jail for his failure to hold [Tina] harmless from the Redeker Furniture debt. [Kenny] may purge this contempt by releasing [Tina] from the judgment within 20 days of this order. If [Kenny] has complied, he shall notify the Court and a mittimus shall not issue. Otherwise, the Clerk of Court shall issue the mittimus within 20 days without further hearing.

Kenny filed a motion for further review, asserting the purgeable sanction was a coercive method of collection and thus violated the automatic stay. The district court refused to reconsider its ruling.

Kenny filed a petition for writ of certiorari and request for stay.[1] The supreme court granted the writ and request for a stay, it then transferred the case to this court for disposition.

**II. Scope and Standard of Review.**

Certiorari is an action at law; therefore, our review is for correction of errors at law. *Ary v. Iowa Dist. Ct.,* 735 N.W.2d 621, 624 (Iowa 2007). "In our review of a certiorari action, we can only examine 'the jurisdiction of the district court and the legality of its actions.'" *Id.* (quoting *Christensen v. Iowa Dist. Ct.,* 578 N.W.2d 675, 678 (Iowa 1998)). An illegality exists if the district court's factual findings are not supported by substantial evidence or if the district court has not applied the law properly. *Id.*

**III. Discussion.**

*A. Failure to sign tax returns.* We agree with the district court that the order requiring Kenny to sign tax returns did not implicate the protections of a

---

[1] No brief was filed in support of the district court's ruling.

bankruptcy stay, since it was not an action to collect a debt or to create financial insecurity. While Kenny argues the signing creates a tax liability for him, we find the order does not violate the bankruptcy stay.

*B. Failure to pay Redeker debt.* As for the order to pay the furniture debt, which falls squarely within the bankruptcy stay, we examine the nature of the district court's contempt sanction to determine if the stay applies. In *Scully*, 489 N.W.2d at 339, our supreme court was presented with a challenge to a district court order sentencing the challenger to thirty days in jail for his contemptuous failure to comply with a dissolution decree order to discharge certain joint marital debts. Scully contended the order violated the Bankruptcy Code's automatic stay, 11 U.S.C. § 362(a).[2] *Scully*, 489 N.W.2d at 389. Noting the Bankruptcy Code exempted criminal actions from the automatic stay, 11 U.S.C. § 362(b), the court was required to determine whether the district court's contempt order was civil or criminal in nature.

---

[2] Section 362(a) provides:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> . . . .
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C.A. § 362 (West)

Our supreme court recognized the issue had been exhaustively examined by the federal courts. *Id.* at 390. Where the courts had been faced with "postpetition [post Bankruptcy petition] contempt proceedings relating to the debtor's failure to discharge a prepetition debt in accordance with a prepetition court order," *id.* at 391, the court summarized:

> [T]he contempt sanction must be examined to determine whether it is essentially coercive or punitive in nature. If the contempt sanctions are coercive in nature—i.e., if the sanction is purgeable—the federal courts have concluded that the contempt proceedings are violative of the automatic stay. However, when the sanction is unconditional and, therefore, punitive in nature, the contempt proceedings are generally held to be exempt from the automatic stay.

*Id.* at 392. The *Scully* court explained that "criminal contempt sanctions do not frustrate the policy underlying the automatic stay, which is 'to protect the relative position of creditors and shield the debtor from *financial pressure* during the pendency of a bankruptcy proceeding.'" *Id.* at 393 (quoting *In re Rook*, 102 B.R. 490, 492 (Bankr. E.D. Va. 1989)).

The *Scully* court then concluded the district court's order "unconditionally sentencing Scully to thirty days in jail is a contempt citation that is punitive in nature and is, therefore exempt" from the automatic stay. *Id.* The court noted the sentence was designed to punish Scully for his failure to discharge a debt as required by the decree and "[t]hat decree was willfully violated *before* the automatic stay abated the obligation to pay."[3] *Id.*

The idea that a nonpurgeable contempt order is punitive in nature is consistent with Iowa case law. *See Amro v. Iowa Dist. Ct.*, 429 N.W.2d 135, 139

---

[3] We note Tina asked for an order that will "vindicate the authority of the court" and sentence Kenny to jail.

(Iowa 1988) ("Incarceration for a past act of contempt is punitive when there is no action available to the contemner which can effect release."). Whereas, when the contemnor "is able to purge the contempt and obtain his release by committing an affirmative act, and thus carries the keys of his prison in his own pocket," it is "the paradigmatic coercive, civil contempt sanction." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994); *see In re Maloney*, 204 B.R. 671, 674 (E.D.N.Y. 1996) ("A contempt order that permits the contemnor to mitigate or avoid punishment by taking action consistent with the vindication of the rights of another party to the litigation is considered a civil contempt order. A contempt order that, on the other hand, incarcerates a party for a definite period of time or imposes another penalty, without any provision for purge of the contempt, does not serve to redress a private right and is considered a criminal contempt order."); *cf. Hartsfield v. Iowa Dist. Ct.*, No. 08-0562, 2009 WL 1708825, at *5 (Iowa Ct. App. June 17, 2009) (upholding a district court contempt order of imprisonment until contemnor provided a DNA sample as not punitive because the contemnor "carries the keys of his prison in his own pocket").

Here, with respect to the failure to pay the furniture debt, the district court's order of contempt was coercive in nature as it allowed the possibility that Kenny could purge the contempt. Such civil contempt orders fall within the scope of the automatic stay under section 362(a). *Scully*, 489 N.W.2d at 392-93.

Because the district court did not properly apply the law, we sustain the writ in part. We do not address Kenny's additional contentions.[4]

**WRIT SUSTAINED IN PART.**

---

[4] Kenny also requests attorney fees and costs, citing to 11 US.C. § 362(k), which provides a remedy to a debtor if a creditor willfully violated the automatic stay.

However, "[c]ertiorari is a procedure to test whether a lower board, tribunal or court exceeded its proper jurisdiction or otherwise acted illegally." *French v. Iowa Dist. Ct.*, 546 N.W.2d 911, 913 (Iowa 1996). "Relief through certiorari is strictly limited to questions of jurisdiction or illegality of the challenged acts." *Id.*