272 B.R. 879 (2002)
AMERICA ONLINE, INC., Plaintiff,
v.
CN PRODUCTIONS, INC., et al., Defendants.
Civ.A. No. 98-552-A.
United States District Court, E.D. Virginia, Alexandria Division.
January 31, 2002.
*880 Abid Riaz Qureshi, Latham & Watkins, Washington, DC, for plaintiff.
Edward B. MacMahon, Middleburg, VA, for interested party.

ORDER
ELLIS, District Judge.
The matter is before the Court on Harold Uhrig's objection, pursuant to Rule 72, Fed.R.Civ.P., to the November 30, 2001 discovery order issued by the Magistrate Judge, requiring Uhrig to respond to discovery in this matter.
This matter arises out of plaintiff America Online, Inc.'s (AOL) efforts to stop the transmission of unsolicited, commercial email messages, typically termed "spam" or "junk email," to individuals using AOL email accounts. In the late 1990s, it was brought to AOL's attention that defendants CN Productions and Jay Nelson transmitted spam to AOL and its members' email accounts. On April 16, 1998, AOL filed suit against CN Productions and Nelson in the Eastern District of Virginia, alleging that their transmission of spam to AOL members violated the Lanham Act,[1] the Computer Fraud and Abuse Act,[2] and the Virginia Computer Crimes Act.[3] AOL also alleged common law claims of trespass to chattels and conspiracy. During the course of this litigation, CN Productions and Nelson violated several court orders, and on November 6, 1998, default judgment was entered against them because of repeated discovery abuses. See America Online, Inc. v. CN Productions, Inc., et al., Civil Action No. 98-552-A (E.D.Va. Nov. 6, 1998) (order). After a January 7, 1999 bench trial was held on the issue of damages, AOL was awarded over $1.9 million in damages and attorneys' fees. See America Online, Inc. v. CN Productions, Inc., et al., Civil Action No. 98-552-A (E.D.Va. Feb. 10, 1999) (order-damages). In addition, by separate order, CN Productions and Nelson-as well as their agents, assignees, and those in privity with them-were permanently enjoined, inter alia, from transmitting any email or other electronic communication to AOL or its members. See America Online, Inc. v. CN Productions, Inc., et al., Civil Action No. 98-552-A (E.D.Va. Feb. 10, 1999) (order-preliminary injunction). After the entry of this injunction, AOL email subscribers continued to receive spam email, from defendants CN Productions and Nelson. On December 17, 1999, defendants CN Productions and Nelson were held in civil contempt for violating the injunction. See America Online, Inc. v. CN Productions, Inc., et al., Civil Action No. 98-552-A (E.D.Va. Dec. 17, 1999) (order). Because third parties appeared to be conspiring *881 with CN Productions and Nelson to violate the permanent injunction, AOL was authorized to seek civil contempt against those whom it could identify after conducting discovery. See id.
After an investigation, AOL filed a Request for an Order to Show Cause on May 24, 2001 asking the Court to order seventeen individuals, including Uhrig, the former attorney of CN Productions and Nelson, and thirteen corporate entities to appear and explain why they should not be held in civil contempt for conspiring with CN Productions and Nelson to violate the injunction. Based on these allegations, the Court ordered all respondents, including Uhrig, to answer the Request for the Order to Show Cause. The Court also authorized all parties to take discovery, and required all parties to submit their initial disclosures, pursuant to Rule 26(a)(1), Fed.R.Civ.P.
Pursuant to the discovery authorization, AOL initiated document and interrogatory discovery directed to Uhrig, who, AOL contends, failed to file timely or adequate responses. Accordingly, on November 9, 2001, plaintiff filed a Motion to Compel Discovery Responses from Uhrig. Less than a week later, on November 15, 2001, Uhrig filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida. This event triggered the effectiveness of the Bankruptcy Code's automatic stay. See 11 U.S.C. § 362(a). Accordingly, on November 20, 2001, an order issued staying the proceedings against Uhrig. See America Online, Inc. v. CN Productions, Inc., et al., Civil Action No. 98-552-A (E.D.Va. Nov. 20, 2001) (order).
Nonetheless, the magistrate judge supervising discovery in this matter granted AOL's motion to compel discovery responses and entered an order requiring Uhrig to provide adequate discovery responses. Uhrig appealed this ruling by filing an objection to the order pursuant to Rule 72, Fed.R.Civ.P., on the ground that the order is inconsistent with 11 U.S.C. § 362(a), the automatic stay provision of the Bankruptcy Code.
It is sensibly settled, as AOL points out, that there is an exception to the operation of the automatic stay; it does not bar orders to show cause or findings of contempt when necessary to uphold the dignity of a court order.[4] Were this not so, a party could "blatantly violate direct orders of [a] court and then seek shelter from a bankruptcy judge." U.S. Sprint Communications Co. v. Buscher, 89 B.R. 154, 156 (D.Kan.1988). In essence, the bankruptcy process cannot be invoked to immunize contumacious behavior. Thus, the question presented is whether this exception to the automatic stay applies to the instant facts.
To be sure, there has been no finding here of contempt by Uhrig, nor has it been determined that he has violated any order. And, it is also true that there has been no adjudication of the adequacy of Uhrig's discovery response before he petitioned for bankruptcy. Yet, this is not the end of the inquiry, for it is important to consider the procedural context in which the challenged order issued. If one of the purposes of that proceeding is to determine whether a court order has been violated *882 such that a finding of contempt should follow to uphold the Court's dignity, then the automatic stay will not apply. See, e.g., Stovall v. Stovall, 126 B.R. 814, 815 (N.D.Ga.1990) (citing cases). Precisely this is true of the instant proceeding: It stems from a request for a show cause order based, inter alia, on an allegation that Uhrig, as an agent, assignee, or person in privity with CN Productions and Nelson acted directly or indirectly or conspired with others, to send or transmit email to AOL or its members. It appears, however, that AOL in this proceeding seeks more than a contempt ruling and sanctions against Uhrig; AOL also seeks damages for Uhrig's acts.[5] Given the apparent hybrid nature of this proceeding, it follows that the automatic stay operates to bar any effort by AOL to obtain damages from Uhrig, but not any effort to determine whether Uhrig should be held in contempt of court and sanctioned. It is clear that the discovery proceedings in issue relate solely to whether Uhrig or others should be held in contempt. While the discovery responses may also have some relevance to AOL's damages claim, this would be merely incidental to the effort to ascertain whether a finding of contempt is warranted to uphold the dignity of the injunction order. In sum, because the requested discovery relates to whether Uhrig has violated a court order and offended the dignity of the court, discovery in this regard is not barred by the automatic stay.[6]
Accordingly,
It is hereby ORDERED that Uhrig's objection is OVERRULED. Thus, the November 30, 2001 Discovery Order issued is AFFIRMED.[7]
It is further ORDERED that Uhrig comply with the November 30, 2001 Order within 10 days of the date of this Order.
NOTES
[1] 15 U.S.C. § 1125(a) et seq.
[2] 18 U.S.C. § 1030(a) et seq.
[3] Va.Code § 18.2-152.1 et seq.
[4] See, e.g., In re Dunham, 175 B.R. 615 (Bankr.E.D.Va.1994); Rook v. Rook, 102 B.R. 490 (Bankr.E.D.Va.1989), aff'd, 929 F.2d 694 (4th Cir.1991); FTC v. Paradise Palms Vacation Club, 106 F.3d 407 (9th Cir.1997) (unpublished opinion); SEC v. Bilzerian, 131 F.Supp.2d 10, 14 (D.D.C.2001); NLRB v. Sawulski, 158 B.R. 971 (E.D.Mich.1993); U.S. Sprint Communications Co. v. Buscher, 89 B.R. 154 (D.Kan.1988).
[5] Neither presented nor decided is whether AOL's request for damages is appropriate in this procedural context or whether it states a claim on which relief may be granted.
[6] Worth noting is that the automatic stay, even if applicable here, would not operate to preclude AOL from obtaining information from Uhrig pursuant to the rules pertaining to discovery against non-parties. See In re Miller, 262 B.R. 499, 503 (9th Cir. BAP 2001) (holding that a post-petition third-party subpoena to a debtor and the seeking of a sanction against that debtor for failure to comply with the subpoenas did not offend the automatic stay); In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation, 140 B.R. 969, 976-77 (N.D.Ill.1992) (holding that after a defendant filed for bankruptcy, the automatic stay did not bar discovery of its employees and former employees relating to claims against the other defendants); In re Hillsborough Holdings Corp., 130 B.R. 603, 605 (Bankr.M.D.Fla.1991) (holding that the automatic stay did not prevent discovery aimed at debtor as long as the discovery pertained to claims and defenses of a non-debtor party).

Also worth noting is that AOL relies on these cases for a different purpose; it argues that they support the position that the automatic stay precludes only claims asserted by a debtor's creditors. This argument is flatly contradicted by the statute and unsupported by any authority. See 11 U.S.C. § 362(a) (noting that the automatic stay is "applicable to all entities," not just the petitioner's creditors).
[7] The November 20, 2001 order reflecting the automatic stay is, to this extent, modified.