In re Harold George UHRIG, Debtor.

America Online, Inc., Plaintiff,

v.

Harold George Uhrig, Defendant.

Bankruptcy No. 01–21251–8B1.
Adversary No. 02–95.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 26, 2004.

See also 272 B.R. 879.

Robert B. Branson, Law Office of Robert Branson, Orlando, FL, for Debtor/Defendant.

Jason Ward Johnson, Orlando, FL, for Plaintiff.

### ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

THOMAS E. BAYNES, JR., Bankruptcy Judge.

This adversary proceeding came on for hearing on American Online, Inc.'s Motion and Memorandum of Law for Partial Summary Judgment ("AOL's Partial Summary Judgment Motion").

### I. MATTERS PENDING IN THIS ADVERSARY PROCEEDING

#### A. AOL's Pending Partial Summary Judgment Motion

AOL's Partial Summary Judgment Motion asserts the debt arising from the entry of its money judgment against the Debtor is nondischargeable pursuant to 11 U.S.C. § 523(a)(6) of the Bankruptcy Code as a debt for willful and malicious injury. AOL contends applying the doctrine of collateral estoppel, or issue preclusion in contemporary nomenclature, to the United States District Court for the Eastern District of Virginia's ("District Court") rulings establishes each of the elements needed to determine the debt owed AOL is nondischargeable. The Debtor opposes AOL's Partial Summary Judgment Motion.

#### B. Debtor's Pending Motions

The Debtor filed its First and Second Motions for Sanctions Against America Online, Inc., ("Sanctions Motions"), contending AOL violated the automatic stay by proceeding in the District Court following notice of the Debtor's bankruptcy filing. The Debtor filed a Motion to Dismiss For Failure to State a Cause of Action Count I Section 523 ("Dismissal Motion"). Finally, Debtor filed a Motion for Summary Judgment as to Count II Section 727 ("Debtor's Summary Judgment Motion"). Initially, this Court offers some factual background to these issues.

### II. FACTUAL BACKGROUND

On February 10, 1999, the District Court entered a money judgment against various defendants in excess of $1.9 million for the wrongful transmission of spam emails through AOL ("AOL"). The judg-

ment was founded on the District Court's entry of default as a sanction for discovery abuses. The District Court also entered a permanent injunction enjoining the transmittal of email or other electronic communications to AOL or its members (the "1999 Injunction"). The 1999 Injunction included within its ambit the defendants and their agents, assignees, and those in privity. Debtor/Defendant Harold Uhrig ("Debtor"), a Florida attorney and principal attorney in American Barristers, Inc., a Florida law firm, represented defendants enjoined by the 1999 Injunction and was therefore also enjoined.

Following the entry of the 1999 Injunction, AOL and its members continued to receive spam email transmitted by the defendants who were enjoined in the District Court case. Accordingly, AOL filed in the District Court a request for an order to show cause for violations of the 1999 Injunction. The District Court found the defendants in civil contempt for violating the 1999 Injunction. The District Court authorized AOL to conduct discovery of third parties to determine if contempt proceedings should be filed against them for conspiring with the defendants to violate the 1999 Injunction.

After completing initial discovery, AOL filed on May 24, 2001, a request for an order to show cause against various third parties, including the Debtor, to show cause why they should not be sanctioned for aiding and abetting the defendants in violating the 1999 Injunction. Based upon AOL's allegations, the District Court entered an Order on June 8, 2001, denying the motion and opening a new claim for contempt against the Debtor and others. The District Court treated the Motion as a complaint and permitted AOL to commence discovery against the Debtor and other third parties.

The Debtor, represented by counsel, participated fully in this litigation. He filed a motion for more definite statement. When that was denied, he filed an answer and served discovery requests on AOL. On the other hand, the Debtor did not cooperate with AOL's discovery requests, including failing to attend a deposition scheduled for October 16, 2001. The Debtor's actions (or inactions) prompted AOL to file a motion to compel discovery on November 9, 2001.

On November 14, 2001, the Debtor filed a petition under Chapter 7 of the Bankruptcy Code in this Court. On November 15, 2001, the Debtor filed a suggestion of bankruptcy in the District Court action. The District Court initially entered an Order November 20, 2001 staying the action as to the Debtor due to the bankruptcy case. On November 30, 2001, the magistrate judge conducted a hearing on AOL's motion to compel discovery. At that hearing, the magistrate judge concluded the automatic stay arising out of the Florida bankruptcy case did not stay the action against Debtor as to the contempt issues, but did stay it as to monetary damages issues. The magistrate judge entered a report and recommendation memorializing its ruling to which the Debtor timely objected pursuant to F.R.Civ.P. 72. The Debtor took no action in this Court to seek relief from the magistrate judge's report and recommendation.

On January 31, 2002, the District Court overruled the Debtor's objections and entered an order consistent with the magistrate judge's report and recommendation, reported as *America Online, Inc. v. CN Productions,* 272 B.R. 879 (E.D.Va.2002). Again, the Debtor took no action in this Court to seek relief from this order, nor did the Debtor file an appeal from the order or seek a stay pending appeal. In-

stead, the Debtor notices depositions of AOL's representatives.

AOL filed this adversary proceeding on February 11, 2002, against the Debtor seeking to withhold his discharge pursuant to Section 727 of the Bankruptcy Code and to determine the dischargeability of their claim pursuant to 11 U.S.C. § 523(a)(6)[1] of the Bankruptcy Code. The Debtor filed an answer to the complaint.

On March 1, 2002, AOL filed a second motion to compel discovery from the Debtor in the District Court. The District Court granted the motion over the Debtor's objection and warned him that failure to comply with future discovery requests could result in sanctions. The District Court scheduled an evidentiary hearing on April 23, 2002, to determine whether the Debtor and others had violated the 1999 Injunction. Again, the Debtor did not seek relief from the District Court's order in this Court or through the appellate process. Instead, he filed a witness and exhibit list, appeared through counsel at the pretrial, and filed objections to AOL's witness and exhibit list.

AOL noticed a second deposition of the Debtor, but the Debtor did not appear. On April 5, 2002, AOL filed a third motion to compel the Debtor's deposition. The magistrate judge granted the motion over the Debtor's objection, again warning the Debtor that failure to comply with further discovery could result in sanctions. The District Court ordered the Debtor to appear for a deposition on April 17, 2002. The magistrate judge memorialized his ruling in an order to which the Debtor timely objected pursuant to F.R.Civ.P. 72.

Once again, the Debtor did not seek relief from this Court or through the appellate process.

The Debtor did not appear at the April 17, 2002, deposition. Accordingly, on April 19, 2002, the magistrate judge issued a report and recommendation that default judgment be entered against the Debtor as a sanction for failing to comply with discovery orders.

On April 16, 2002, AOL filed America Online, Inc.'s Amended Motion for Relief from Stay, or, in the Alternative, Motion for Determination that the Automatic Stay is not applicable in the general bankruptcy case seeking to modify the automatic stay.[2] The Debtor filed a response to this motion in the adversary proceeding objecting to AOL's litigation against him in two venues.[3] On April 22, 2002, this Court entered an order in the bankruptcy case granting the motion and modifying the automatic stay to permit AOL to "... liquidate its claim or enforce discovery rules..." in the District Court action.

At the time scheduled for trial on April 23 2002, the District Court discussed the magistrate's report and recommendation with the parties before proceeding on the issue of whether the Debtor and others had violated the 1999 Injunction. At that time, Debtor's counsel waived the Debtor's objections to the magistrate's report and recommendation and consented to the entry of a default judgment against the Debtor. Debtor's counsel represented that the Debtor consented to the entry of a default judgment and acknowledged the relief was consistent with the record and

---

1. All references to code sections within this opinion refer to 11 U.S.C. unless specifically stated otherwise.

2. AOL's first emergency stay relief motion, filed April 10, 2002, was denied for failing to pay the required filing fee.

3. Notwithstanding this objection, the Debtor took no affirmative steps to seek relief from this court until the motions for sanctions at issue here.

the District Court's order establishing the scope of the automatic stay. The District Court entered an oral ruling finding the Debtor in default during the hearing. On May 7, 2002, the District Court entered a memorandum opinion in support of the default judgment.

The Debtor did not appeal the entry of default judgment or the memorandum decision. Instead, the Debtor participated fully in the District Court's liquidation of damages. The District Court ultimately entered a detailed Memorandum Opinion containing detailed findings of fact and conclusions of law and a money judgment in favor of AOL and against the Debtor in the amount of $6.9 million. On July 21, 2003, AOL's Partial Summary Judgment Motion was filed before this Court causing the parties to shift their battles to this forum. This Court shall rule on all pending matters in this opinion, beginning logically with the Debtor's Dismissal Motion.

## III. DEBTOR'S DISMISSAL MOTION

■ The Dismissal Motion asserts Count I of AOL's Complaint, the count alleging the debt owed AOL is nondischargeable under 11 U.S.C. § 523(a)(6), fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12; Fed. R. Bankr.P. 7012. When granting motions to dismiss under Rule 12(b)(6), this Court must determine " . . . beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *75 Acres, LLC v. Miami–Dade County, Florida*, 338 F.3d 1288, 1293 (11th Cir.2003). Having reviewed AOL's complaint under the appropriate standard, this Court finds AOL has alleged sufficient facts which, if proven at trial, support a finding in AOL's favor under 11 U.S.C. § 523(a)(6). This Court finds it appropriate to deny Debtor's Dismissal Motion.

This Court now turns to Debtor's Sanctions Motions.

## IV. DEBTOR'S SANCTIONS MOTIONS

■ The Debtor filed two Sanctions Motions alleging this Court should find AOL willfully violated the automatic stay and award Debtor costs and actual and punitive damages. The test for determining whether a party willfully violated the automatic stay requires this Court determine AOL " . . . (1) knew that the automatic stay was invoked and (2) intended the actions which violated the stay." *Hardy v. Internal Revenue Service, (In re Hardy)*, 97 F.3d 1384, 1390 (11th Cir.1996)(quoting *Jove Engineering, Inc. v. Internal Revenue Service*, 92 F.3d 1539, 1555 (11th Cir. 1996)). The focus is not on AOL's intent or belief, but whether the conduct in question was in fact compliant with the automatic stay. *Hardy*, 97 F.3d at 1390.

There can be no doubt AOL was aware of the automatic stay as it was the subject of several discussions and rulings in the District Court. Further, this Court finds AOL intended the acts taken after the Suggestion of Bankruptcy was filed in the District Court on November 15, 2001. The acts taken by AOL on the surface constitute a willful violation of the automatic stay.

■ The next question this Court must answer is whether an award of damages is appropriate. It is within this Court's discretion to award sanctions for violations of the automatic stay. In fact, this Court has a history of vigorous enforcement of the automatic stay through the imposition of sanctions where appropriate.

■ This Court notes several troubling aspects of this case. The Debtor first raises the issue of alleged repeated stay violations some sixteen months after

stay relief is sought and granted to AOL in April of 2002. Indeed, throughout the pendency of the District Court action, the Debtor never affirmatively sought the protection of this Court despite repeated acknowledgement of the existence of this case in that forum.

Sanctioning AOL for stay violations is further complicated by the District Court rulings concerning the automatic stay, stating in relevant part: "Given the apparent hybrid nature of this proceeding, it follows that the automatic stay operates to bar any effort by AOL to obtain damages from Uhrig, but not any effort to determine whether Uhrig should be held in contempt of court and sanctioned." *See America Online, Inc. v. CN Productions, Inc.*, 272 B.R. 879, 882 (E.D.Va.2002).[4] Thus, the parties addressed the issue within three months of the Suggestion of Bankruptcy being filed in the District Court.[5] Again, this Court notes the Debtor did not

seek relief in this Court concerning the District Court's ruling, nor did it attempt to make this Court aware at any time of the rulings concerning the effect of the automatic stay in that forum.

This Court finds the Debtor by his actions, or lack thereof, waived his right to complain about alleged violations of the automatic stay in the instant case. *See In re Cobb*, 88 B.R. 119, 121 (Bankr.W.D.Tx. 1988) ("[W]hen the [Debtor] appears and defends a suit on any basis other than application of the automatic stay, then the [Debtor] waives the automatic stay. To hold otherwise would allow a [Debtor] to have trump card that he could play if he did not like the outcome of the action, but allowing him take a favorable judgment.") The Debtor did not just appear in the District Court to defend the automatic stay, but rather participated fully when he chose, e.g. seeking to depose AOL's representatives and opposing AOL on the issue

4. This Court must note here it rejects outright the argument by AOL in its Partial Summary Judgment Motion that the District Court has concurrent jurisdiction to enter the rulings in question. While some courts adopt this approach, this Court holds 28 U.S.C. § 1334 affords original and exclusive jurisdiction to this Court in matters concerning application of the automatic stay in its cases. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 305, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). Further, this Court need not decide whether it agrees with the District Court's assertion that contempt findings are excepted from the scope of the automatic stay, but need only analyze the effect of the District Court's rulings on the parties. Further, this Court notes it does not necessarily agree with the District Court's assertion that this so-called exception to the automatic stay for orders to show cause and findings of contempt is a "... sensibly settled ..." legal principle. *See America Online*, 272 B.R. at 881.

Nevertheless, this Court is constrained by the record before it and will not ignore the obvious effect of the District Court's ruling on the ability of AOL to realize its actions continued to violate the automatic stay. While

AOL's intent is not relevant to determining whether the stay violation is willful, this Court finds it relevant under the circumstances pertaining to the decision of whether to sanction AOL's actions.

Finally, this Court notes acts taken in violation of the automatic stay are void in the Eleventh Circuit. *See Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982)(citing *Kalb v. Feuerstein*, 308 U.S. 433[, 438–39, 60 S.Ct. 343, 84 L.Ed. 370] (1940)). While it appears this question may not have been addressed by the Fourth Circuit Court of Appeals where the District Court in question sits, a majority of Circuit Courts of Appeal have held acts taken in violation of the automatic stay are void. *See* 3 Collier on Bankr. para. 362.11[4] (Alan N. Resnick & Henry J. Sommer eds. 15th ed.2003)(explaining majority of courts hold acts taken in violation of automatic stay are void, versus voidable as a minority of courts have held, and advocating majority opinion as the most well reasoned approach).

5. The date of the published opinion is Jan. 31, 2002, the Suggestion of Bankruptcy was filed in District Court on November 15, 2001.

of damages after the automatic stay was lifted. Debtor, who is a member of the bar, is deemed cognizant of the effect of his actions in pursuing his legal interests. Thus, the actions he took before the District Court must be deemed knowing and voluntary.[6] It was only after the District Court determined the Debtor owed AOL some $6.9 million in damages and AOL sought to pursue its dischargeability issue before this Court that the Debtor retreated to the supposed haven of the bankruptcy court and the automatic stay.

■ Even if this Court were to find the Debtor did not waive his right to complain about violations of the automatic stay, this Court is not required to sanction AOL. When, as is the case here, this Court is confronted with a Debtor who appears to be at least using, and most likely abusing, the bankruptcy process to suit a broader litigation strategy, this Court is not inclined to be used as a means to such ends. Though this Court feels somewhat constrained to find AOL's violations of the automatic stay were willful under the Eleventh Circuit's standard, it will not exercise its discretion to sanction AOL under the circumstances of this case. Both of the Debtor's Sanctions Motions shall be denied. This Court now entertains AOL's Partial Summary Judgment Motion.

## V. AOL'S PARTIAL SUMMARY JUDGMENT MOTION

This Court has considered all arguments and evidence consistent with a ruling on a motion for summary judgment. In considering whether summary judgment is warranted, this Court adheres to the standards set forth by the United States Supreme Court. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (holding the standard of proof in summary judgment rulings is the same as it would be at trial); *Celotex v. Catrett*, 477 U.S. 317, 323–35, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (discussing the appropriate burdens of proof and types of evidence to use in summary judgment decisions); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (detailing the elements of summary judgment analysis). After considering the Motion together with the record, this Court finds:

AOL moves for partial summary judgment on the grounds that prior rulings entered by the District Court should be given issue preclusive effect[7] in this case. AOL argues the findings in the District Court, if given preclusive effect, establish all of the elements necessary to find the debt owed AOL is nondischargeable under 11 U.S.C. § 523(a)(6). The analysis begins with examining the District Court rulings.

## A. The District Court Rulings and Complaint

■ This Court reviewed two Memorandum Opinions entered by the District

---

**6.** In response to a question in a deposition taken in this adversary proceeding concerning his satisfaction *vel non* with the conduct of the case by his counsel before the District Court, the Debtor testified in relevant part: "And we had discussions about the various options, strategies were chosen, strategies were elected, that's the way it went. I can't tell you now, what, on a given day, week, month, or year, I wanted to do differently or thought should have done differently. What was done, was what was decided." Depo. of Harold George Uhrig, at p. 121, Ex. Q to AOL's Partial Summary Judgment Motion.

**7.** Historically, issue preclusion is embodied in the doctrine of collateral estoppel. *See Allen v. McCurry*, 449 U.S. 90, 94–96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); 18 James Wm. Moore et al., Moore's Federal Practice, ch. 132 at 132–1 (3d ed.2003).

Court in connection with its judgment awarding $6.9 million in damages to AOL.[8] The first, entered May 7, 2002, after a hearing in which Debtor's counsel waived objection to entry of the default,[9] finds the Debtor met all the necessary requirements to permit the District Court to strike his answers and enter a default in the contempt proceedings (the "Contempt Opinion"). The Contempt Opinion memorialized the District Court's oral rulings entered April 23, 2002. In the Contempt Opinion, the District Court specifically sets out the legal effect of the entry of the default which is to deem admitted all well pled facts in the complaint.[10] The Contempt Opinion also contains a detailed analysis supporting the propriety of entering a default against the Debtor and others.

The second ruling, (entered October 25, 2002 under seal and published in a redacted form on November 22, 2002), followed a trial and contains the District Court's assessment of $6.9 million in damages against the Debtor and others (the "Damages Opinion").[11] In detailed findings, the Damages Opinion again reiterates the ef-fect of the default—the admission of all well pled allegations in the complaint—and finds those admissions meet the clear and convincing evidence standard of proof required to find Debtor liable for civil contempt. Also of note in the Damages Opinion is the District Court's findings of a vast conspiracy to defy the 1999 Injunction and that the Contemnors', of which Debtor is one, brazenly defied this Court's orders and procedures.[12]

This Court also reviewed the well pled allegations in the District Court complaint concerning the Debtor.[13] Without repeating the details of the allegations here, this Court notes the admissions are primarily concerned with the hiding of profits and assets from AOL and the District Court arising out of the enterprises associated with the 1999 Injunction. This was accomplished through the use of sham corporations and transactions, and through the laundering of funds.

### B. Issue Preclusion

#### 1. The Four Part Test

 In its motion for summary judgment, AOL asserts the doctrine of is-

---

8. This Court is not bound by only these two opinions and the complaint before the District Court, but is clearly able to view the entire record before the District Court as well as any evidence before this Court which is consistent with ruling on summary judgment. *See Scarfone v. Arabian Am. Oil Co., Inc. (In re Scarfone)*, 132 B.R. 470, 473–4 (Bankr.M.D.Fla. 1991).

9. The District Court rejected Debtor's argument at trial concerning alleged inconsistencies between the Complaint and AOL's later pleadings on the subject of Debtor's notice of the existence of the 1999 injunction. Memorandum Opinion, at p. 4 (May 7, 2002), Ex. 30 to AOL's Partial Summary Judgment Motion.

10. Memorandum Opinion, at pp. 4–5 (May 7, 2002), Ex. 30 to AOL's Partial Summary Judgment Motion. *See also Buchanan v. Bowman*, 820 F.2d 359, 362 (11th Cir.1987).

11. Memorandum Opinion, (Oct. 25, 2002), Ex. 31 to AOL's Partial Summary Judgment Motion.

12. Memorandum Opinion, at pp. 24–5 (Oct. 25, 2002), Ex. 31 to AOL's Partial Summary Judgment Motion (discussing reasonableness of AOL attorneys' fees requesting in light of the Contemnor's conduct).

13. The District Court deemed AOL's Request for an Order to Show Cause Why Those Who Conspired with Jay Nelson and CN Productions to Violate this Court's Permanent Injunction Should Not Be Held in Contempt a complaint for the purposes of trying the contempt action. *See* Order dated June 8, 2001 at p. 2, America Online, Inc. v. CN Productions, Inc. et al., attached as an undesignated exhibit to Complaint filed in this adversary proceeding.

sue preclusion. The doctrine requires this Court to recognize prior adjudication of specific issues by other courts in bankruptcy cases. *See In re Daniels*, 91 B.R. 981, 982 (Bankr.M.D.Fla.1988). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *see also McDonald v. City of West Branch, Michigan*, 466 U.S. 284, 287 at n. 5, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984) (quoting the same passage from the *Allen* opinion).[14] Federal law requires the following four elements to invoke issue preclusion:

(1) the issue at stake must be identical to the one decided in the prior action;

(2) the issue must have been actually litigated in the prior proceeding;

(3) the prior determination of the issue must have been a critical and necessary part of the earlier decision; and

(4) the standard of proof in the current action must not be significantly more stringent than the standard in the prior action.

*Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush)*, 62 F.3d 1319, 1322 (11th Cir. 1995).[15] The policies behind issue preclusion include conserving judicial and party resources, preventing multiple litigations, and fostering confidence in determinations on the merits. *Bush*, 62 F.3d at 1325 (citing *In re Daily*, 47 F.3d 365, 368 (9th Cir.1995)).

### 2. Determining Whether to Apply Issue Preclusion Doctrine to the District Court Rulings

■■■■■ The first element under issue preclusion doctrine requires an analysis as to issue identity. The issue AOL seeks to preclude relitigation about is whether the debt owed AOL arising from the District Court litigation is "for willful and malicious injury by the Debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The issues determined by the District Court regarding civil contempt include a finding the Debtor specifically knew of a valid decree in AOL's favor which Debtor, with actual or constructive knowledge, violated by his conduct and which caused injury to AOL.[16] Determining the elements of 11 U.S.C. § 523(a)(6) are sufficiently similar to those required for civil contempt, this Court moves to the next element.

The second element of issue preclusion doctrine requires the issue to be actually litigated in the previous decision. In this case the District Court entered a default judgment. Federal law does not generally recognize default judgments for the purposes of issue preclusion because the matter is not actually litigated. *Bush*, 62 F.3d at 1323. However, it is within this Court's discretion to afford issue preclusive effect to a default judgment where, as is the case

---

**14.** *See generally*, 18 James Wm. Moore et al., Moore's Federal Practice, ch. 132 (3d ed.2003).

**15.** If this Court were examining a State Court opinion, the analysis would be different and is governed by *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379–83, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). *Chang v. Daniels, (In re Daniels)*, 91 B.R. 981, 982–4 (Bankr.M.D.Fla.1988). *See Aquatherm*

*Indust. v. Florida Power & Light Co.*, 84 F.3d 1388, 1392–94 (11th Cir.1996); *Bush*, 62 F.3d at 1323 n. 6, and *St. Laurent, II v. Ambrose, (In re St. Laurent, II)*, 991 F.2d 672, 676 (11th Cir.1993) (citing *In re Scarfone*, 132 B.R. 470, 472 (Bankr.M.D.Fla.1991)).

**16.** Memorandum Opinion, at pp. 13–4 (Oct. 25, 2002), Ex. 31 to AOL's Partial Summary Judgment Motion.

herein, "... a party has substantially participated in an action in which he had a full and fair opportunity to defend on the merits, but subsequently chooses not to do so...." *Bush*, 62 F.3d at 1325.[17] In the *Bush* case, the Debtor "... had ample warning from the prior court and could reasonably have foreseen the conclusive effect of his actions." *Bush*, 62 F.3d at 1325. Under the auspices of the *Bush* opinion, this Court finds it appropriate to exercise its discretion to consider the District Court rulings on Debtor's default for issue preclusive effect.

The third element required by issue preclusion doctrine is the earlier determined issue must be a critical and necessary part of the earlier judgment. In the District Court, whether the Debtor knew of the 1999 Injunction in AOL's favor and acted to violate it in such a manner as to cause injury to AOL is at the heart of the civil contempt finding. The earlier litigated issue was clearly critical and necessary to the prior judgment.

Finally, under the fourth element, the standard of proof required in the prior action must not be significantly lower than the standard in the current action. *See Bush*, 62 F.3d at 1322. There is no difficulty in this case concerning this element as the standard of proof in the District Court on the subject of Debtor's liability for civil contempt was by a clear and convincing evidence and the standard of proof

for damages was by preponderance of the evidence. The standard of proof for dischargeability litigation between parties under the Bankruptcy Code is by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 286–87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). As the District Court used a more stringent standard of proof than this Court requires to determine 11 U.S.C. § 523 liability and the same standard to determine damages, there is no difficulty in affording the District Court's ruling issue preclusive effect.

This Court is satisfied that the four requisite elements to invoke issue preclusion are present in this case. The Contempt Opinion, the Damages Opinion, and the allegations admitted in the complaint shall be given issue preclusive effect. Having decided issue preclusion is appropriate, it is necessary to analyze the facts determined by the District Court to determine whether the elements of 11 U.S.C. § 523(a)(6) are established by the District Court record.

## C. Applying Issue Preclusion Doctrine to the § 523(A)(6) Analysis

In order to find a debt nondischargeable under 11 U.S.C. § 523(a)(6), this Court must find the debt owed AOL is for "willful and malicious injury by the Debtor to another entity or to the property of another entity." [18] The United States

---

17. This exception is recognized by the Eleventh Circuit Court of Appeals in an opinion involving a lower court's decision to give preclusive effect to a default judgment entered as to a sanction for refusal to participate in discovery pursuant to Fed.R.Civ.P. 37. The default judgment in this case was entered on the same grounds.

18. In a recent opinion, the Eighth Circuit Court of Appeals gave collateral estoppel effect to a state court Contempt Judgment and commented: "Some courts have held that failure to comply with a court order consti-

tutes willful and malicious injury as a matter of law within the meaning of § 523(a)(6). [] We do not believe, however, that it is necessary in the present circumstances to express a view one way or the other on that matter." *Siemer v. Nangle, (In re Nangle)*, 274 F.3d 481, 484 (8th Cir.2001) (citation omitted). This Court is similarly disinclined to create a presumption that failure to comply with a court's injunction violates 11 U.S.C. § 523(a)(6), preferring to complete the issue preclusion analysis by reviewing the facts surrounding the civil contempt rulings.

Supreme Court holds the scope of § 523(a)(6) does not include injuries caused by reckless or negligent behavior, but rather acts intending to injure. *See Kawaauhau v. Geiger*, 523 U.S. 57, 64, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). In other words, an intentional act which results in injury is not the standard. *Geiger*, 523 U.S. at 61, 118 S.Ct. 974. AOL must establish through the District Court record that the Debtor intended the consequences of his actions. *Geiger*, 523 U.S. at 61–62, 118 S.Ct. 974.

■■■■■ Once the willful injury is established, AOL must also establish Debtor's injury was malicious. The Eleventh Circuit Court of Appeals defines the malice element as follows: " 'As used in section 523(a)(6), 'malicious' means 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.' ' " *Hope v. Walker, (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir.1995) (quoting *In re Ikner*, 883 F.2d at 991). "Malice may be implied or constructive." *Walker*, 48 F.3d at 1164. In other words, this Court may infer malice from the nature of the act. *Walker*, 48 F.3d at 1164.

■■■■ In the District Court, the Debtor's default has the legal effect of admitting numerous intentional acts taken to conceal profits and to continue sending unsolicited bulk email to further a conspiracy to thwart the 1999 Injunction. It is clear from the record in the District Court the Debtor's actions were within the scope of acts proscribed by the United States Supreme Court's definition in the *Geiger* opinion. This Court finds Debtor intentionally acted to harm AOL, thus the debt

This Court notes the case cited by the Eighth Circuit for this proposition, *PRP Wine Int'l, Inc. v. Allison (In re Allison)*, 176 B.R. 60, 64 (Bankr.S.D.Fla.1994), states "[f]ailure to comply with court directives contained in an injunction order satisfies the definition of

to AOL arises from a willful injury to another.

In undertaking to disguise his own and his client's profits through sham transactions in order to thwart the 1999 Injunction and to continue making profits from the enterprise enjoined by the District Court, the Debtor demonstrated a total and intentional disregard for AOL and the District Court's orders. Thus, with regard to malice, the record is clear the Debtor's acts were not only wrongful, but clearly without just cause and excessive. Debtor has not, nor can he in the view of this Court, offer any substantive justification or excuse for his behavior.

This Court concludes, based on the findings of the District Court and the well pled allegations in the complaint, the Debtor's debt owed to AOL arises from a willful and malicious injury to AOL. As such, the AOL debt is nondischargeable under 11 U.S.C. § 523(a)(6). AOL's Partial Summary Judgment Motion shall be granted. This Court now considers Debtor's Summary Judgment Motion.

## VI. DEBTOR'S SUMMARY JUDGMENT MOTION

■■■■ Applying the same summary judgment standard to Debtor's Summary Judgment Motion, this Court finds it appropriate to deny the motion. Specifically, this Court finds no issue of law presented by Debtor's assertions concerning AOL's allegations under 11 U.S.C. § 727. Further, this Court finds genuine issues of material fact remain concerning whether the Debtor omitted information on his bankruptcy schedules.

Accordingly, it is

'willful and malicious' within 11 U.S.C. § 523(a)(6) ...", but stops short of announcing nondischargeability is presumed as a matter of law when affording preclusive effects to prior civil contempt orders.

ORDERED, ADJUDGED AND DE-CREED Debtor's Motion to Dismiss For Failure to State a Cause of Action Count I Section 523 be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED both Debtor's First and Second Motions for Sanctions Against America Online, Inc., be, and same are hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED Debtor's Motion for Summary Judgment as to Count II Section 727 be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED American Online, Inc.'s Motion and Memorandum of Law for Partial Summary Judgment be, and the same is hereby, granted. A separate judgment consistent with this opinion will be entered in favor of America Online, Inc. at the close of trial.