**In re Jonathan James LUCA and Kimberly Beth Luca, Debtors.**

**Smith & Greene, P.A., Plaintiff,**

**v.**

**Jonathan James Luca, Defendant.**

**Bankruptcy No. 3:09–bk–1239–PMG. Adversary No. 3:09–ap–258–PMG.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Jan. 14, 2010.

Deborah L. Greene, Jacksonville, FL, for Plaintiff.

William Bruce Muench, Muench & Luca, P.A., Jacksonville, FL, for Defendant.

## ORDER ON DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Rule 12(b)(6) Motion to Dismiss Plaintiff's Adversary Complaint filed by the Debtor, Jonathan James Luca.

The Plaintiff, Smith & Greene, P.A., commenced this adversary proceeding by filing a Complaint Objecting to and/or for Determination of Dischargeability of Debt. In the Complaint, the Plaintiff seeks a determination that a state court award of attorney's fees is nondischargeable pursuant to § 523(a)(6) and § 523(a)(7) of the Bankruptcy Code.

In response, the Debtor asserts that the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because (1) the Plaintiff failed to allege that the Debtor intended to injure the Plaintiff, as required by § 523(a)(6) of the Bankruptcy Code, and because (2) the award of attorney's fees is not "payable to and for the benefit of a governmental unit," as required by § 523(a)(7) of the Bankruptcy Code.

### Background

The Debtor, Jonathan James Luca, is an attorney.

On February 25, 2009, the Debtor and his wife, Kimberly Beth Luca, filed a petition under Chapter 7 of the Bankruptcy Code.

On June 2, 2009, the Plaintiff filed a Complaint to determine the dischargeability of a debt owed to the Plaintiff by the Debtor, Jonathan James Luca. The Complaint includes the following allegations:

1. The Plaintiff previously represented Rebecca Lahodik, and the Debtor previously represented Scott Lahodik, in a custody proceeding in State Court (the Custody Action). (Complaint, Paragraphs 6, 7).

2. On May 9, 2005, and November 15, 2006, respectively, the State Court entered an Order and Judgment in the Custody Action. (Complaint, Paragraphs 9, 10).

3. On December 15, 2006, the Debtor filed an appeal of the Order and Judgment on behalf of Scott Lahodik. (Complaint, Paragraph 11).

4. On November 26, 2007, an Order was entered in the appellate proceedings. In the Order, the appellate court concluded that the appeal was frivolous, that the appellant's arguments lacked legal merit, and that attorney's fees should be imposed against the appellant pursuant to § 61.16(1) of the Florida Statutes. The appellate court remanded the case to the trial court to determine the amount of the award. (Complaint, Paragraphs 12, 13).

5. On December 19, 2007, the trial court entered an Order Granting Attorney's Fees in the remanded case. The Order provides that "the Attorney for the former husband shall pay the sum of $12,733.00 to the attorney for the former wife forthwith as and for attorney fees for her representation of the former wife pursuant to the order of the First District Court of Appeal in case number 1DO6–6602." (Complaint, Paragraph 15).

Based on the Debtor's conduct in the Custody Action, and the State Court's finding

that the appeal was frivolous, the Plaintiff asserts that the State Court's award of attorney's fees is nondischargeable pursuant to § 523(a)(6) and § 523(a)(7) of the Bankruptcy Code.

## Discussion

The Debtor has filed a Motion to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that it fails to state a cause of action to determine the nondischargeability of a debt under § 523(a)(6) and § 523(a)(7).

### I. The Rule 12(b)(6) standard

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept the plaintiff's factual allegations as true and construe them in the light most favorable to the plaintiff. *In re Bill Heard Enterprises, Inc.,* 406 B.R. 98, 102 (Bankr. N.D.Ala.2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. at 1949(citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). In other words, the relevant question for purposes of a motion to dismiss under Rule 12(b)(6) is "whether, assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible." *Ashcroft v. Iqbal,* 129 S.Ct. at 1959(quoted in *In re Bill Heard Enterprises, Inc.,* 406 B.R. at 102).

### II. Section 523(a)(6)

In this case, the Debtor asserts that the Plaintiff's claim under § 523(a)(6) of the Bankruptcy Code should be dismissed because the Plaintiff failed to allege that the Debtor intended to injure the Plaintiff.

Section 523(a)(6) provides that a discharge under § 727 of the Bankruptcy Code does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

"An injury alleged as the basis for a non-dischargeable claim under 11 U.S.C. § 523(a)(6) must be both willful and malicious." *In re Weiner,* 415 B.R. 900, 906 (Bankr.S.D.Fla.2009).

"The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998)(Emphasis in original). "After *Kawaauhau,* proof of deliberate acts, alone, is not a sufficient basis for excepting a debt from discharge under Section 523(a)(6).... The *injury* must be intended—not predictably or 'substantially' certain to result from a deliberate act." *In re McClung,* 335 B.R. 466, 473 (Bankr.M.D.Fla.2005)(Emphasis in original).

With respect to the second element of § 523(a)(6), the Eleventh Circuit Court of Appeals has defined the word "malicious" as "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will." *In re Uhrig,* 306 B.R. 687, 699 (Bankr.M.D.Fla.2004)(quoting *In re Walk-*

er, 48 F.3d 1161, 1164 (11th Cir.1995)). "There must be a consciousness of wrongdoing. *In re Stanley,* 66 F.3d 664, 668 (4th Cir.1995). It is this knowledge of wrongdoing that is the key to malicious injury under Section 523(a)(6), not the wrongfulness of the debtor's actions." *In re McClung,* 335 B.R. at 475.

 In this case, the Plaintiff asserts that the award of attorney's fees issued by the State Court is nondischargeable under § 523(a)(6). The Debtor contends that the claim under § 523(a)(6) should be dismissed because the Plaintiff failed to allege that the Debtor intended to injure the Plaintiff, as required by the definition of a "willful" injury for purposes of the statute.

To support its claim of nondischargeability, the Plaintiff quotes extensively from the series of State Court Orders related to the award. According to the Plaintiff, for example, the First District Court of Appeal made the following findings in its Order on appeal:

> However, we conclude Appellant's appeal is frivolous. We write only to impose attorneys' fees against Appellant pursuant to section 61.16(1), Florida Statutes, and to reiterate that, although parties may have a legal right to file an appeal, a party who files an appeal lacking merit when applying the proper appellate standard of review risks the imposition of attorneys' fees.

> . . .

> The law of the case doctrine is well-established, and Appellant knew or should have known the facts upon which the parties' settlement agreement was based had changed. Consequently, Appellant knew or should have known his argument based on the law of the case doctrine was completely lacking in legal merit.

(Doc. 1, Complaint, pp. 3–4)(quoting *Lahodik v. Lahodik,* 969 So.2d 533, 534–35 (Fla. 1st DCA 2007)). Additionally, according to the Plaintiff, the State Court subsequently made the following findings in its Order Granting Attorneys Fees:

> The District Court found the appeal to be without merit, citing the reasons, and ruling that the appeal was frivolous. Attorney fees were ordered pursuant to the authority of Fla. Stat. 61.16(1) and the case was remanded to the trial court to determine a reasonable fee.

> . . .

> This Court finds that failure to meet legal standard set forth in the District Courts opinion can in no way be attributed to the former husband. The former husband wanted a different result and wanted a court to reverse the decision of the lower court. He could not know of the legal standard required for an appeal however. That was his attorney's job. His attorney should have said NO.

(Doc. 1, Complaint, pp. 6–7)(quoting Order on Attorneys Fees dated December 19, 2007). Based on the findings that the appeal was frivolous and without legal merit, the State Court ordered the Debtor to pay the Plaintiff the sum of $12,733.00 as attorney's fees incurred by Rebecca Lahodik in the action.

The Court has reviewed the Complaint, and finds that the Plaintiff has stated a claim for relief under § 523(a)(6) that is plausible on its face. *Ashcroft v. Iqbal,* 129 S.Ct. at 1949. The State Court determined, as alleged by the Plaintiff, that the Debtor filed a frivolous appeal, and that the Debtor knew or should have known that the appeal was completely without legal merit. The State Court placed responsibility for the frivolous appeal solely on the Debtor. The award of attorney's

fees was imposed pursuant to § 61.16(1) of the Florida Statutes, which provides in part:

> **Chapter 61. Dissolution of Marriage; Support; Time-sharing**
>
> **61.16. Attorney's fees, suit money, and costs**
>
> (1) ... In determining whether to make attorney's fees and costs awards at the appellate level, the court shall primarily consider the relative financial resources of the parties, *unless an appellate party's cause is deemed to be frivolous.*

Fla. Stat. 61.16(1)(Emphasis supplied). A determination that an appeal is "frivolous" within the meaning of § 61.16(1) is more serious than a determination that the appeal simply lacked merit. *Rados v. Rados,* 791 So.2d 1130, 1134 n. 6 (Fla. 2d DCA 2001).

Under these circumstances, the Court finds that the Plaintiff sufficiently alleged that the Debtor's conduct in the State Court action was both willful and malicious. See *Hughes v. Arnold,* 393 B.R. 712, 719 (E.D.Cal.2008), *aff'd* 347 Fed. Appx. 359, 2009 WL 3227147 (9th Cir. 2009)(Where a debtor knowingly prosecuted a groundless action, the Court concluded that she intended to injure the opposing law firm and that her conduct was therefore willful within the meaning of § 523(a)(6)); *In re Mansel,* 2001 WL 832358, at *8 (Bankr.N.D.Ill.2001)("Willfulness, under the *Geiger* standard, has been found where a Debtor filed a lawsuit without having a factual basis for the claim and thereby caused another to incur substantial attorney's fees in defending himself."); and *In re Chaires,* 249 B.R. 101, 106 (Bankr.D.Md.2000)(An attorney who pursued a lawsuit in bad faith and without justification caused a willful and intentional injury for purposes of § 523(a)(6)).

The Debtor's Motion should be denied to the extent that he seeks dismissal of the Plaintiff's claim under § 523(a)(6) of the Bankruptcy Code.

## III. Section 523(a)(7)

■ Additionally, the Debtor asserts that the Plaintiff's claim under § 523(a)(7) should be dismissed because the award of attorney's fees is not "payable to and for the benefit of a governmental unit," as required by the statute.

Section 523(a)(7) provides that a discharge under § 727 does not discharge an individual debtor from any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7).

To support its claim of nondischargeability, the Plaintiff contends that the State Court entered the Order Granting Attorney's Fees to uphold the dignity of the appellate court, and that the award is therefore for the benefit of a governmental unit. See *In re Marini,* 28 B.R. 262 (Bankr.E.D.N.Y.1983).

■ This Court, however, adopts the "plain meaning" approach to § 523(a)(7).

> Section 523(a)(7) unambiguously states that the debt must be payable to and for the benefit of a governmental unit. Four distinct requirements must be met in order for a debt to be nondischargeable under § 523(a)(7). The debt must (1) be a fine, penalty, or forfeiture, (2) be payable to a governmental unit; (3) be payable for the benefit of a governmental unit, and (4) not be compensation for actual pecuniary loss.... [T]he statute is not written in the disjunctive. All four elements must be satisfied for the debt to be nondischargeable under this section.

*In re McDowell,* 415 B.R. 612, 617 (Bankr. S.D.Fla.2008). See also *In re Friedman,* 253 B.R. 576 578–79 (Bankr.S.D.Fla. 2000)("The language 'payable to and for the benefit of a governmental unit' creates two requirements that must be met.... The plain meaning of the statute is that the debt must be both payable to a governmental unit and for the benefit of a governmental unit to be nondischargeable.").

In this case, the Order Granting Attorney's Fees clearly provides that the award of attorney's fees is payable to "the attorney for the former wife." The award is not payable to a governmental unit, as required by § 523(a)(7), and an essential element of the claim is therefore absent from the Plaintiff's Complaint.

The Debtor's Motion should be granted to the extent that he seeks dismissal of the Plaintiff's claim under § 523(a)(7) of the Bankruptcy Code.

### Conclusion

The Plaintiff filed a Complaint seeking a determination that a state court award of attorney's fees is nondischargeable pursuant to § 523(a)(6) and § 523(a)(7) of the Bankruptcy Code, and the Debtor has filed a Motion to Dismiss the Complaint.

The Motion should be denied in part and granted in part. The Motion should be denied to the extent that the Debtor seeks dismissal of the Plaintiff's claim under § 523(a)(6), because the Plaintiff has sufficiently alleged that the Debtor's conduct in the State Court action was both willful and malicious. The Motion should be granted, however, to the extent that the Debtor seeks dismissal of the Plaintiff's claim under § 523(a)(7), because the award of attorney's fees is not payable to a governmental unit, as required by the statute.

Accordingly:

**IT IS ORDERED** that:

1. The Rule 12(b)(6) Motion to Dismiss Plaintiff's Adversary Complaint filed by the Debtor, Jonathan James Luca, is denied to the extent that the Motion requests the dismissal of the Plaintiff's claim under § 523(a)(6) of the Bankruptcy Code.

2. The Rule 12(b)(6) Motion to Dismiss Plaintiff's Adversary Complaint filed by the Debtor, Jonathan James Luca, is granted to the extent that the Motion requests the dismissal of the Plaintiff's claim under § 523(a)(7) of the Bankruptcy Code, and the Plaintiff's claim under § 523(a)(7) is dismissed.